## TUCKER *vs.* RESPASS.

### GRIFFIN, Exr. et al. *vs.* THE SAME.

1. An affidavit of illegality, on the ground of payment, was put into a *fi. fa.* and overruled. Afterwards a motion was made to have the *fi. fa.* entered satisfied, as paid. *Held,* That the judgment overruling the affidauit was a bar to this motion.

2. Whether the sheriff should or should not, receive an affidavit of illegality, is a question he must determine for himself; and if he determines it wrong, he will be liable to the injured party.

3. Attached to a *fi· fa.* was a paper which purported to be a copy of a judgment overruling an affidavit of illegality, the copy being signed and certified by the clerk, but not sealed. *Held,* That the paper was sufficient notice to the sheriff, that one affidavit of illegality had once been received and [that he ought not to receive another, if, indeed, any notice was necessary.

Rule, against sheriff. Motion to have *fi. fa.* returned and entered satisfied. Decision by Judge ALLEN, at Baker superior court, May Term, 1859.

On the 17th of June, 1847, a writ of *fieri facias* was issued from the superior court of Baker county, in favor of Josiah Respass, against William H. Luckie, as principal, and Anderson D. Moore and Carna Burnam, as securities. It was soon afterwards placed in the hands of the sheriff of Baker county, and by him levied upon one-half of lot of land No. 264, in the 7th district of Baker

county, as the property of A. D. Moore. This levy bears date November 1st, 1847. On the 17th of the same month, Moore filed his affidavit of illegality to the *fi. fa.*, alleging as his ground of illegality, that the note on which said *fi. fa.* was founded was his own property—that he had purchased the note and given his obligation for it, and that he neglected to make the proper defense upon the trial. At the December term, 1847, of Baker superior court, this affidavit of illegality was dismissed and the *fi. fa.* ordered to proceed. The next entry upon the *fi. fa.* is as follows:

Levied and claim interposed, by A. M. Smith, Feb. 10th, 1848.            GEO. W. COLLIER, Sheriff.

At the December term, 1848, of the court aforesaid, the levy was dismissed by order of plaintiff's attorney. On the 17th Decmber, 1848, Jas. G. Johnston, deputy sheriff, levied the *fi. fa.* on two lots of land, (numbers not known,) as the property of Carna Burnam. The record does not show that this last levy was, in any manner, disposed of. The next entry that appears on the *fi. fa.* is as follows: "Levied the within *fi. fa.* upon lot of land 248, in the 7th of Baker, November 30th, 1852."

(Signed.)            HENRY J. SLAPPEY, D. Sh'ff.

An affidavit of illegality was taken on the 6th of December, 1852, by William E. Griffin, executor of Anderson D. Moore, alleging that the *fi. fa.* was proceeding illegally against him as executor, on the following ground: Because he was advised and believed that Moore, in his life-time, and after the overruling of a former affidavit of illegality taken by him, paid off and discharged said *fi. fa.* At the May term, 1858, issue was joined, and at the same term the cause was called and the affidavit withdrawn by the affiant's attorney, and an order taken that the sheriff proceed with the *fi. fa.*

On the 28th day of August, 1858, William E. Griffin filed another affidavit of illegality, alleging that the *fi. fa.*

was fully paid off and discharged by Moore, in his lifetime; and at the following November term, this affidavit, after argument had, was overruled and the sheriff ordered to proceed with the *fi. fa.*

Afterwards another affidavit of illegality was made by John Lyon, attorney for defendant, on the ground that the *fi. fa.* had been paid, which affidavit, after argument had at the May term, 1859, was also overruled.

At the same term of the court, a rule *nisi* was taken against Wm. E. Tucker, the deputy sheriff, (into whose hands the *fi. fa.* had been placed,) calling on him to show cause why he should not pay over, principal and interest, due on said *fi. fa.* At the same term a motion was made by Griffin, the executor of said Anderson D. Moore, calling on the plaintiff in *fi. fa.* to show cause why said *fi. fa.* should not be marked as satisfied, said Griffin contending that the entries on the *fi. ja.* raised a presumption of payment. The certificates of the clerk which were attached to the *fi. fa.* when it went into the hands of the deputy sheriff, Tucker, and which showed that one prior claim of illegality had been withdrawn, and another one overruled by the court—did not have the seal of the court affixed to them. The sheriff contended that said certificates were not notice to him that previous affidavits of illegality had been made. Both of these motions were argued together. The court granted a rule absolute against the sheriff, and refused to have the *fi. fa.* entered as satisfied. To the former decision the sheriff excepted; and to the latter the defendants in *fi. fa.* excepted; and by agreement of parties incorporated both decisions in one bill of exceptions, and now assign the same for error.

Lyon, for plaintiff in error.

Vason & Davis, *contra.*

*By the Court.*—BENNING, J., delivering the opinion.

This case consists of two distinct cases; cases, however, which have many things in common. One of the two grew out of a motion, that the *fi. fa.* should be entered satisfied; the other, out of a rule against the sheriff, that he should pay over to the plaintiff in the *fi. fa.* the amount of the *fi. fa.*

The two cases will be considered separately, the one growing out of the motion first.

The motion was made by Griffin, the executor of Moore, a defendant in the *fi. fa.* The motion was preceded by a long preamble, stating the grounds on which the motion was put. Those grounds may all be resolved into one—that the *fi. fa.* had been paid off.

The motion was answered by Respass, the plaintiff in the *fi. fa.* And the answer, in the first place, denied that the *fi. fa.* had been paid off; and, in the second, stated a judgment of the court, which, the answer insisted, determined that the *fi. fa.* had not been paid off.

The court overruled the motion. Was it right in doing so? That is the question.

There were several objections to the decision, but they may all be reduced to two; one, that the question of payment was not submitted to the jury; the other, that the decision was contrary to the evidence.

We are not prepared to say, that the court is *bound*, to call in a jury in a proceeding so peculiarly for the court, as is a motion of this kind; we much doubt whether the court is. Supposing the court not to be, the decision of the court below, it is clear, was right; for, in the evidence, there was nothing to show that the *fi. fa.* had been paid off, and much to show that it had not been paid off.

If, however, we concede that the general question of payment was a question for a jury, and, therefore, that it was an error in the court to decide the question, yet that

Tucker et al. vs. Respass.

can be of no avail to the plaintiff in error, if the other question was one for the court, and the court decided it correctly.

And the other question was, beyond a doubt, a question for the court, for it was a question of former recovery—a question whether there existed a judgment determining that the *fi. fa.* had been paid off; and a question of former recovery is to be tried by the record ; and questions to be tried by the record, are for the court, not for the jury.

This question, then, being one for the court, was the court's decision of it, right? Did the evidence show, that, as the court held it did, there was an existing judgment, to the effect that the *fi. fa.* was still unpaid ?

The evidence showed that there had been filed in the case, as many as four affidavits of illegality, of which, the first was filed by Moore, and the other three by his executor, Griffin ; that of these three, each had for its ground, payment; that the first of the three was withdrawn, and the last was still pending ; but that in the second, there was a judgment which was as follows : " Upon hearing of this case, it is ordered that that the same be overruled, and said *fi. fa.* do proceed." What was the case ?—a case in which the only question, so far as appears, was, whether the *fi. fa.* had been paid off. Payment was the only ground taken in the affidavit. No other ground, so far as appears, was brought into the case. We are to presume that the decision was a decision of the question presented by the pleading, which was the affidavit, and the only question presented by that, being the question of payment, We are to presume, that that was the question decided. The decision was one overruling the affidavit. Therefore, it was a decision that the *fi. fa.* had *not* been paid off.

1. We think, then, that the court was right in overruling the motion to have the *fi. fa.* entered satisfied.

The rule against the sheriff, was at the instance of Respass, the plaintiff in the *fi. fa.* The rule called on the sheriff to show cause why he should not be compelled to pay over the amount of the *fi. fa.* to Respass.

The sheriff answered the rule; and, in the first place, insisted that the *fi. fa.* had been paid off. But the evidence did not support him in this position. It was the same as that already considered in the other case; and that showed, as we have seen, that the *fi. fa.* had not been paid off.

The sheriff, in the next place, insisted on several things which amount about to this: 1st, that a sheriff is not clothed with the power to determine what is, or what is not, a sufficient ground for rejecting an affidavit of illegality; and, therefore, that he was, in this case, bound to receive all that came; 2dly, that if a sheriff is clothed with this power, yet that he ought not to reject a second affidavit, unless he has evidence sufficient to satisfy him that it is a second one; and that the evidence in this case was not sufficient to satisfy him, that the affidavit he received, was a second one; that, consequently, it was his duty to receive that affidavit; and, if so, then, that he was prevented by the affidavit from proceeding to make the money on the *fi. fa.*

As to the first of these two grounds: The sheriff, it is true, is not a judicial officer, but neither is the act referred to—the receiving or rejecting an affidavit of illegality—a judicial act. That act determines no right, and the esential characteristic of a judicial act is, that it determines some right. Acts of this kind differ in no essential respect from many other acts which sheriffs are, beyond question, bound to do. Sheriffs must determine, in many cases, whether they will receive or reject bonds; in many cases, whether they will, or will not levy on certain property; in many cases, whether process is, or is not, valid; in many other cases—many other questions. Even pri-

Tucker et al. vs. Respass.

vate persons, frequently have to determine important questions for themselves. When a man is attaked by another, whether he will or will not be justified in killing his assailant, is a question he must determine for himself. And so, in many other instances. Especially is this true, of a man who is executor, administrator, or trustee.

2. We think, then, that this was not a good ground. We think, that it is for the sheriff to determine whether he will receive or reject an affidavit of illegality; and that if he determines the question wrong, he will do so at his peril.

Was the second a good ground? It suffices to say of that ground, that the sheriff had very sufficient notice of the previous affidavits of illegality. Copies of the judgments overruling two of these affidavits, were attached to the *fi. fa.* at the time when he received the affidavit of illegality in question—copies, certified by the clerk. If this was not sufficient notice, what would have been? The seal of the court, it is true, was not to the copies, but the act of 1819, does not require official certificates to be under seal.—Pr. 210.

3. We think, then, that if the notice was necessary, the sheriff had notice.

Judgment affirmed.