The Chief Justice
delivered the opinion of the court.
This was a proceeding to set aside an execution on the ground of illegality.
Execution was issued from the Circuit Court of Marion county, upon a judgment rendered in favor of appellee against Mathews in the Circuit Court, under which the Sheriff levied upon the land of Mathews.
Mathews then made an affidavit that the execution was illegally issued in9 this, th(it the judgment lien liad been, before the issuing of the execution, fully satisfied and discharged, by substituting therefor a note and mortgage se~ curity' by the defendant, Mathews, which the plaintiff had accepted and received in lieu and satisfaction of the judgment, and by reason thereof nothing was legally due on said execution. Mathews also executed a bond with sureties, which was approved by the Sheriff, as required by the act of February 15, 1834. Thomp. Dig., 360.
The appellee then moved to dismiss the affidavit upon the grounds that the issue tendered by the affidavit had already been heard and determined in an equity suit between the same parties for the same cause; that in said quity suit the court, by its decree, denied the relief sought by. Mathews, from which decree he appealed, and the appeal is now pending in the Supreme Court, in which no supersedeas had been allowed; and because this proceeding is in contempt of the court of equity and its decree that the execution was valid, and in Which an injunction was denied.
The court ordered “ttyt the affidavit herein be dismissed upon the grounds set out in the motion, and that said motion is hereby sustained and allowed; and further, that said William E. Hillyer do have execution againBt the said John 0. Mathews, the affiant, and against James A. Harris and James D. Goss, securiites on the bond in this cause.”
From this order this appeal was taken. The appellant assigns the following errors:
1. That the court erred in allowing the motion to dismiss the affidavit of illegality, without proof or hearing aliunde of the matetrs alleged, as causes for dismissing the affidavit.
2. That the court erred in dismissing the affidavit without hearing evidence upon the facts and issues alleged in said affidavit.
3. In not hearing and determining the issues tendered by the affidavit.
4. In dismissing the affidavit upon motion merely.
Further errors were assigned, which it is not necessary to consider, in view of? the conclusion of the court.
The fact that the judgment had been paid or otherwise satisfied before the issuing of the execution, constitutes an “illegality” in the issuing of execution within the meaning of the statute. (Swinney vs. Watkins, 22 Ga., 570; Tucker vs. Respass, 28 Ga., 613; Hill vs. DeLaunay, 34 Ga., 427; McHenry vs. Watkins, 12 Ill., 233.)
If the judgment had been paid or otherwise satisfied, the issuing of an execution was unauthorized. (Ib.)
According to the case as presented in the record, the affidavit was not dismissed because of any defect in form or substance, but merely upon motion, without hearing evidence, as to the facts stated, no facts being admitted. If the facts are as stated in the affidavit, the appellant would be entitled to have the execution recalled or quashed, and upon the affidavit the appellant was entitled to have the facts inquird into and adjudicated.
If there has already been an inquiry before a proper forum, and an adjudication upon the same matter, that is matter to be shown by evidence to be produced upon the hearing. The statute requires that upon the affidavit made and presented, the court shall “determine thereon.” This implies that both parties may present the proper proofs bearing upon the facts, and they are entitled to the judgment of the court upon the facts proved or admitted, if the same have not been adjudicated by a court having jurisdiction thereof.
Counsel for appellee insists that the court did receive and consider evidence upon the hearing, but the record and the judgment show that the affidavit was dismissed upon the grounds set out in the motion> and that the “hearing” was upon appellee’s “motion to dismiss.” It does not ap *132 pear that any testimony to substantiate or rebut any allegation of fact on either side was heard or considered.
The judgment dismissing the appellant’s application must be reversed, and it is so ordered.