H. T. McGEE, ASSIGNEE, PLAINTIFF IN ERROR, VS. J. H. ANCRUM, DEFENDANT IN ERROR.

1. Motion for a new trial made upon the return of a verdict and continued, by special order entered upon the minutes, to a day beyond the term when the verdict was rendered, can be heard and disposed of by the judge in vacation, and upon such disposition a final judgment can be entered by the clerk under the order of the judge, though not on a rule day. On the hearing of such a motion the judge is holding a term of court as to that case, and the entries of the clerk made in obedience to the orders of the court are the entries of the judge himself.

2. On a writ of error without a bill of exceptions the appellate court is confined to assignments of error based upon the record proper.

3. A motion to set aside an affidavit of illegality of the issuance of an execution, and for execution against the defendant and the

sureties on his bond, where the ground of illegality in the affidavit is that there was no judgment upon which said execution issued, and that what purports to be a judgment entered in the judgment record by the circuit clerk was entered without any authority, involves the legal sufficiency of said judgment, as disclosed by the record proper, and a ruling denying the motion is in effect a decision that the judgment was illegal and void.

4. M. obtained a verdict in the Circuit Court against A., and a motion for a new trial was made, but not disposed of during the term; without entering final judgment on the verdict an order was entered upon the minutes continuing the hearing of the motion to a day beyond the term, and on the adjourned day the court overruled the motion and directed the clerk to enter final judgment upon the verdict, and the clerk entered the judgment on a day other than a rule day; execution emanating from the judgment was levied upon property of defendant in execution, and affidavit of illegality was made on the ground that the judgment was entered without authority and was void; a motion to set aside the affidavit of illegality and that execution issue against defendant and sureties on his bond, was denied: *Held*, that the ruling was error, and that the judgment was properly entered by the clerk under the order of the judge.

Writ of error to the Circuit Court for Hamilton county.

The facts in the case are stated in the opinion of the court.

*A. W. Cockrell & Son* for Plaintiff in Error.

*B. B. Blackwell* for Defendant in Error.

MABRY, J.:

Plaintiff in error, as assignee of W. B. Williams & Son, instituted an action of assumpsit in the Circuit Court for Hamilton county against J. H. Ancrum, defendant in error, and at a term of said court held on

the 29th day of April, 1887, a verdict was rendered in favor of plaintiff, and against defendant, for the sum of eight hundred dollars, with interest for two years. The following recital appears in the record made the same day that the verdict was rendered, *viz:* "A motion was made for a new trial by counsel for defendant, and by consent of counsel in open court, was adjourned to Wednesday, May 4th, 1887, at Live Oak, Fla." The court then on the same day without entering judgment on the verdict, adjourned the court for the term. On May 7th, 1887, an order was made, after reciting the facts stated in the previous order in reference to the adjournment of the motion, and that it had, by consent of counsel, been adjourned from the 4th to the 7th of May, "that said motion be denied, and that judgment be entered by the clerk upon the verdict, to which ruling defendant by his counsel excepted, which is accordingly noted." This order signed by the judge was entered by the clerk on the judgment docket on May 9th, 1887, and immediately followed by the following entry, *viz:* "Whereupon it is considered, ordered and adjudged that said plaintiff, H. T. McGee, assignee, etc., do have and recover of and from said defendant, J. H. Ancrum, the sum of nine hundred and twenty-eight dollars for his damages, principal and interest, and the further sum of fourteen and 89-100 dollars as his costs in this behalf expended, and the defendant in mercy, etc. Witness, Jno. M. Caldwell, clerk of said court, and the seal of said court, this May 9th, 1887," and signed by the clerk. June 20th, 1887, the clerk issued an execution on the foregoing entry of judgment and it was levied upon property of the defendant. Thereupon the defendant filed an affidavit of illegality of the issuance of the execution, and the ground of illegality alleged therein is the following, *viz:*

"That there is no judgment upon which said execution issued, and that what purports to be a judgment entered in the judgment record of Hamilton county by the clerk against this affiant was entered without authority, and is wholly void." Defendant also filed a bond as provided by the statute in such cases. The following order also appears in the record, to-wit:

"In the Circuit Court,
Hamilton County, Florida.

| | |
|---|---|
| H .T. McGee, Assignee of W. B. Williams & Son, vs. J. H. Ancrum. | Motion to set aside affidavit of illegality, and that execution issue against defendant and sureties on bond. |

The above motion coming on to be heard, and was argued by counsel for plaintiff and defendant. Upon consideration, said motion is overruled with costs. Done and ordered at chambers the 30th day of January, 1888.

JOHN F. WHITE, Judge.

To the judgment overruling said motion counsel for plaintiff excepted, and his said exception is accordingly noted.

JOHN F. WHITE, Judge."

30 January, 1888.

We find copied into the record a notice by counsel for plaintiff in execution to the effect that a motion would be made, and was thereby made, before the judge at chambers, to set aside the affidavit of illegality, and that execution be ordered against defendant and the sureties on the bond filed with the affidavit of illegality, and also an agreement signed by counsel of both parties on the 30th day of January, 1888, that the said order of the judge of that date is "a final judgment in said matter, finally sustaining said affidavit and adjudging that said execution issued illegally.'

Service of the notice was acknowledged by counsel for
defendant in execution on January 22nd, 1888, and,
as appears by an endorsement on the notice, it was
filed with the clerk on February 2nd, 1888, after the
order of the judge was made.

The errors assigned relate to the ruling of the judge
on the affidavit of illegality.   The case is before us on
writ of error without a bill of exceptions, and in dis-
posing of the errors assigned we are confined to the
record proper.   Columbia County vs. Branch, 31 Fla.,
62, 12 South. Rep., 650.

What the judge decided will be ascertained from his
own language over his signature and entered of record,
and no importance will be attached to the agreement
of counsel filed in the cause.   There is really no proper
record evidence that the notice of motion referred to
was before the judge when the order mentioned was
made, but as this order recites that it was made on
motion to set aside the affidavit of illegality, and that
execution issue against the defendant and the sure-
ties on the bond, the same result will follow if we
were to consider the notice as a formal motion made
before the judge at the hearing.   What is the effect of
the decision of the judge on the affidavit of
illegality?   The statute (sec. 19, page 524 McClellan's
Digest) provides that "in all cases where an execution
shall issue illegally, and the person against whom such
execution is directed, his agent or attorney, shall make
oath thereof, and shall state in the affidavit the cause
of such illegality, the sheriff, or other officer, shall re-
turn the same to the next term of the court from
which the same issued, and the court shall determine
thereon at such time; provided, that the party making
the affidavit be required to state whether any part of
said execution be due, and where the party so making

the affidavit shall admit a part of the execution to be legally due, the amount so acknowledged shall be paid before the affidavit is received; and provided, also, that the person claiming the benefit of this section shall execute to the sheriff, or other officer levying said execution, a bond with sufficient security, in at least double the amount of said execution, or that part thereof suspended by the affidavit." The next section provides that "if the affidavit of illegality be set aside, execution may issue against the party making the same, and against his securities on the bond." In Mathews vs. Hillyer, 17 Fla., 498, it was in effect decided that where the grounds in an affidavit of illegality are sufficient, if true, to show that the execution illegally issued, it is the duty of the court upon the compliance with the other provisions of the statute, to hear the proofs of the parties as to the facts stated in the affidavit and determine thereon, and that it is error to dismiss the affidavit upon motion on the ground that the matters stated therein had already been adjudicated, and without evidence being produced or facts admitted by either party, and an opportunity given to be heard thereon. The motion was to dismiss the affidavit for causes *dehors* the record, and the affidavit was dismissed on the grounds stated in the motion. In the case now before us the sole ground alleged in the affidavit why the execution was illegally issued is, that the judgment entered in the cause by the clerk was without authority, and is wholly void. The statute provides that "if the affidavit of illegality be set aside, execution may issue against the party making the same, and against his sureties on the bond." A motion to set aside the affidavit and grant execution against defendant and the sureties on his bond involves the legal sufficiency of the issuance of

the execution. The issue presented in the present affidavit is restricted to the legal sufficiency of the judgment, as shown by the record in the cause, and the decision of the judge was necessarily confined to this issue, and a ruling denying the motion was in effect a decision that the judgment was void, and hence the execution illegally issued. Had the ground of illegality rested upon matters *in pais*, in the absence of the testimony upon which the judge acted, we could not review his ruling, but that is not the case here, and we think the effect of the ruling is as stated. This being the case, we must determine whether the conclusion reached by the court was correct.

The judgment entered by the clerk of the Circuit Court in this case was in vacation, not on a rule day, and was upon a verdict rendered during a former term of the court. There was no statute authorizing the clerk, by virtue of the powers conferred on him as clerk to enter judgment after the expiration of the term, upon a verdict rendered in term. It is held in Sedgwick vs. Dawkins, 16 Fla., 198, that should a judgment be entered by the clerk on the verdict of a jury after the expiration of the term, but placed in the minutes as if rendered during the term, it may be inquired into by the court at the subsequent term and corrected. Such an entry has no legal force and can not be protected by interposing the sanctity of a judicial record. It is claimed here that the authority of the clerk to enter the judgment is derived from the order of the judge made in vacation in overruling the motion for a new trial. The power of the court to make such an order is based upon the act of 1879, Chapter 3121. This statute had not been enacted when the case of Sedgwick vs. Dawkins arose. The motion for a new trial in the present case was made

during the term of the court, and by consent of counsel was adjourned for hearing to a day in vacation, and being overruled, an order was made by the judge that judgment be entered by the clerk upon the verdict. The act of 1879, *supra*, provides "that the judges of the Circuit Courts of the State of Florida be and they are hereby authorized and empowered to exercise in vacation any jurisdiction or power they are now authorized and empowered to exercise in term time, except in cases requiring the intervention of a jury, and the said judges are also authorized and empowered, in cases requiring the intervention of a jury, to exercise the same jurisdiction and powers in vacation as they are now authorized and empowered to exercise in term time; provided, the parties agree in writing to waive a jury; provided further, that this act shall not be construed to require any such judge to go out of the county in which he may be during vacation." The construction put upon this act in Myrick vs. Merritt, 21 Fla., 799, was that it gave the judge the same power in vacation as in term. "That is the same power as if at the time of applying for the order the court was in session. For the purpose of the application or motion it is virtually a term of court. * * * The proper construction of the statute is, that the making a motion in vacation is to be considered as though made at a subsequent term to the last adjourned term." Under this statute the judge can not, as was held in the case just referred to, undo what he has already done at a previous term, as this would be the exercise of greater power than he possessed at a subsequent term. The motion for the new trial in the case before us, while made at a previous term, was postponed for a hearing to a day in vacation, and the action of the court on the motion in vacation did not

undo anything that had already been done in the case during the term. The solution of the question before us depends upon whether the judge had the power to dispose of the motion for a new trial in vacation, for if he did, so far as the case then before him was concerned, he was holding a term of court, and upon overruling the motion could direct the clerk to enter the proper judgment. Under Section 10, Chapter 1938, laws of 1873, demurrers can be heard and disposed of in vacation as well as in term, and the judge may "in vacation make any order in regard thereto, and consequent upon his determination of the issues of law presented, that he could in term time." In construing this statute and the rule of practice on the same subject it was decided in L'Engle vs. L'Engle and Hartridge, 19 Fla., 714, that where a demurrer to a plea was heard and sustained in vacation, and there was no proper application to amend or plead further, the proper judgment to be entered is a final judgment against the defendant, and that the judge should, under the rule and statute, order, where the action is upon a contract in which the clerk can assess the damages, a formal final judgment sustaining the demurrer, and that the damages assessed should be entered upon the hearing upon the demurrer without waiting for a rule day. In our judgment the act of 1879, Chapter 3121, empowered and authorized the Circuit Judge to hear and dispose of the motion for a new trial made during the term of the court and postponed, by special order then made, to a day in vacation for consideration. The judge can exercise the same powers in vacation as if, at the time of applying to him, the court was in regular session. The powers thus granted are very broad and were conferred for the reason that at common law such powers appertain to the court only in regular or special session.

Forcheimer Bros. vs. Tarble, 23 Fla., 99.   What the judge does in vacation in cases properly brought be-, fore him, is considered, as to such cases, as done in term, and the entries of the clerk made in pursuance of directions then ordered, are the entries of the judge himself.   The clerk does not derive his powers in such cases from the statutes authorizing him, without special judicial discretion for that purpose, to enter judgments in vacation on certain contingencies, but he acts for and as the amanuensis of the judge.

The court erred, in our judgment, in overruling the motion to set aside the affidavit of illegality, and the judgment entered therein will be reversed for further proceedings not inconsistent with this opinion.