PATRICK HOUSTOUN, ADMINISTRATOR, ETC., PLAINTIFF IN ERROR, VS. BRADFORD & ROSS, DEFENDANTS IN ERROR.

1. When an affidavit of illegality of the issuance of an execution has been filed and bond given as required by law, it is the duty of the court to hear the proofs of the parties as to the facts stated in the affidavit and determine thereon, and a motion made by the plaintff in execution, in order to dispose of the question presented by the affidavit of illegality, to set it aside and that execution issue as provided by law, involves a hearing upon the grounds stated in the affidavit, and under such motion the court would not be restricted to the legal sufficiency of the affidavit as a pleading, but would be authorized to hear proof and determine whether the grounds stated in the affidavit were true.

2. In the absence of sufficient showing to the contrary, the presumption is that the decision of a court of general jurisdiction on matters before it is correct, and a decision of the Circuit Court granting the motion of plaintiff in execution to set aside an affidavit of illegality and for execution to issue as provided by law, in the absence of any showing by the record that the court did not determine from evidence before it the questions presented by the affidavit, it can not be assumed that the court dismissed the affidavit without a hearing thereon.

Writ of Error to the Circuit Court for Leon county.

The facts in the case are stated in the opinion of the court.

*John S. Beard* and *George W. Walker*, for Plaintiff in Error.

We contend in this case that the affidavits of illegality of execution brought before the court the direct question as to whether or not service was properly made upon plaintiff in error, R. M. Whitehead; that is to say whether or not Mrs. Whitehead's home in Leon county under the circumstances was (for the purpose of legal service) plaintiff's in error "usual place of abode," and that the same should have been considered and adjudicated by the court below, which was not done. And again: the judgment rendered by the court below, "This cause coming on to be heard this day on the motion of the plaintiffs to set aside the affidavit of defendant as to," etc., etc., seems to indicate from the language used that upon the "motion" only was the affidavit of defendant set aside, which can not be done. 17 Fla. 498.

It appears from the record (if such can be considered a part of the record for want of a bill of exceptions) in this case that to controvert the affidavit of illegality, which is based upon the fact that plaintiff in error was never served with summons at his usual place of residence (or abode) as required by law, the affidavit of the sheriff (John A. Pearce) and one from one of the defendants in error, John Bradford, was filed, but from the language of the judgment they do not seem to have been considered in the rendering of the judgment, but even if they were considered the court failed to pronounce judgment on the question raised. Should judgment on the question raised had been had, we submit that it should have been to the effect that defendant below was never properly or legally served and therefore was never before the court, and as a necessary

consequence judgment could not have been had against him and that execution thereunder was illegal. It will be noticed that the language of the statute, ''That service of the original writ or summons  *  *  *  *   or leaving a copy at his usual place of abode," etc., etc., Mc. Dig., folio 812, sec. 11. Now, we submit that the home of defendant's mother in Leon county is not his ''usual place of abode'' while he is employed and has been for some time in another county (Duval) 165 miles away and beyond the limits of the circuit in which suit was brought, and where by affidavit he claims is and has been his residence. In the case of Dale vs. Irwin, 78 Ill. 170, the meaning of the words ''permanent abode'' under the statutes of that State, which is much stronger than the words of our statute, ''usual place of abode," to be nothing more than a domicile, a home which the party is at liberty to leave as interest or whim may dictate, but without any present intention to change it. We think that the affidavit of defendant goes to show that his usual place of abode according to the meaning of our statute relative to service of legal process was at the time summons was left with Mrs. Whitehead's in the city of Jacksonville.

It is assigned as error that the court erred in hearing and determining upon defendant's affidavit of illegality of execution in vacation. This we insist can not be done. Sec. 19 Mc. Dig. 524; 7th Fla. 13.

It is seen by the record that affidavit of defendant, bond, and motion and notice to set aside affidavit were all filed on the 15th day of October, A. D. 1890, and the order of the judge setting aside affidavit, etc., was made on the 25th day of the same month and year. There was not even a rule day, much less a term of the court, that intervened.

*R. W. Williams*, for Defendant in Error.

MABRY, C. J.:

Defendants in error, as partners, obtained a judgment on the 10th of April, 1890, in the Circuit Court of Leon county, against R. M. Whitehead, deceased, the intestate of plaintiff in error, and an execution was issued on the judgment in September following. In October, 1890, Whitehead, in his life-time, made an affidavit that the execution issued illegally, on the ground that the summons was never served upon him as required by law, in this, that the summons was left with Mrs. Margaret Whitehead in Leon county, Florida, on the 20th day of February, 1890, and that affiant's residence at that time was, and had been since February 6th, 1888, in the city of Jacksonville, Duval county, Florida. The return, signed by the sheriff, on the summons is as follows, *viz:* Executed the within writ by serving a true copy on Mrs. Margaret Whitehead, a female over fifteen years old, living and residing with R. M. Whitehead at his usual place of residence, this 20th day of February, A. D. 1890. A bond as required by the statute accompanied the affidavit. On the 15th of October, 1890, plaintiffs in execution (defendants in error here) filed the following motion, omitting the style of the case: "Come now the plaintiffs and move the court to set aside the affidavit of illegal execution in the above stated case, and that execution may issue as provided by law." Notice was given that the motion would be heard on the 25th of October, 1890, and on that day the following judgment was rendered by the court, *viz:* "This cause came on to be heard this day on the motion of the plaintiffs to set aside the affidavit of the defendant as to the illegality of the execution, and that execu--

tion may issue as provided by law; and after consideration thereof, it is ordered that the affidavit of the defendant R. M. Whitehead, filed in this case, and dated October 13th, 1890, be and the same is hereby set aside. It is further ordered that execution do issue out of this court against the said R. M. Whitehead, and against the sureties on the bond filed in this case by said Whitehead; as provided by law."

In the record are to be found certain affidavits filed by plaintiffs in execution in the clerk's office on the day of the hearing, contradicting the allegations of the affidavit of illegality filed by defendant in execution. The case is before us on writ of error, without any bill of exceptions. Since suing out the writ of error, R. M. Whitehead died, and, upon suggestion of his death, his administrator has been made a party here.

Several assignments of error are made as to the manner of the hearing by the court below, and that the writ was not returned to the first term of the court succeeding the affidavit of illegality, but was heard and determined before such term of the court. The statute provides that "in all cases where an execution shall issue illegally, and the person against whom such execution is directed, his agent or attorney, shall make oath thereof, and shall state in the affidavit the cause of such illegality, the sheriff, or other officer, shall return the same to the next term of the court from which the same issued, and the court shall determine thereon at such time." The further provisions of the statutes as to whether anything is due on the execution, and the giving of a bond, need not be stated. It is also provided that "if the affidavit of illegality be set aside, execution may issue against the party making the same, and against his sureties on the bond."

Sections 2 and 3, act of February 15th, 1834; McClellan's Digest, page 524, secs. 19 and 20. In Mathews vs. Hillyer, 17 Fla. 498, where the affidavit of illegality stated that the judgment upon which the execution issued had been satisfied and discharged before the issuance of the execution, a motion was made to dismiss the affidavit upon the ground that the issue thereby tendered had already been heard and determined in an equity suit between the same parties for the same cause, and the decision of the trial court was that the affidavit be dismissed upon the ground set out in the motion. On appeal it was held that it was the duty of the court to hear the proof of the parties as to the facts stated in the affidavit and determine thereon, and that it was error to dismiss such affidavit upon motion on the ground therein stated, without evidence being produced or facts admitted by either party, and without an opportunity given to the parties to be heard thereon. The conclusion of the court, in the case just referred to, was that the record and judgment showed that the affidavit was dismissed upon the ground set out in the motion, that the hearing was upon the motion to dismiss, and it did not appear that any testimony to substantiate or rebut any allegation of fact on either side was heard or considered.

In McGee vs. Ancrum, 33 Fla. 499, 15 South. Rep. 231, the affidavit of illegality alleged that the judgment upon which the execution issued was wholly void, as having been entered by the clerk of the court without authority of law, and, on motion to set aside the affidavit of illegality and that execution issue against defendant and sureties on the bond, it was held that the legal sufficiency of the judgment as disclosed by the record was thereby involved, and a ruling denying the motion was, in effect, a decision that the judg-

ment was illegal and void. The motion upon which the court acted in that case was, in effect, the same as the one made in the case now before us.

Where the grounds of the illegality of the issuance of an execution, as stated in an affidavit, have been determined by the court to be insufficient on testimony introduced, a proper judgment would be to set aside the affidavit of illegality and direct the issuance of an execution against the party making it and the sureties on his bond. The provision of the statute is, that "if the affidavit of illegality be set aside, execution may issue against the party making the same, and against his sureties on the bond." A motion made by a plaintiff in execution, in order to dispose of the question presented by the affidavit of illegality, to set it aside and that execution issue as provided by law, involves a hearing upon the grounds stated in the affidavit, and the court would not be confined on such a motion to the legal sufficiency of the affidavit as a matter of pleading, but would be authorized to hear proof and determine whether the grounds of the affidavit were sustained. It does not seem to us that there can be any question about the right, or duty of the court, to permit a hearing on the proofs under such a motion, or that any error could be predicated upon the action of the court on such a motion in permitting an investigation of the truthfulness of the allegations in the affidavit. The court should not, of course, summarily dismiss an affidavit sufficient in its allegations, without an opportunity to the parties to introduce evidence and be heard thereon, but on a motion to set aside an affidavit of illegality and for execution to issue as provided by law, and in the absence of any showing by the record that the court did not determine from evidence before it the questions presented by the affida-

vit, we can not assume that the court dismissed the affidavit without a hearing thereon. The judgment before us recites that "this cause came on to be heard this day on the motion of the plaintiffs to set aside the affidavit of the defendant as to the illegality of the execution, and that execution may issue as provided by law, and after consideration thereof," it was ordered that the affidavit be set aside, and that execution issue against the defendant and the sureties on his bond. There is nothing here to exclude the view that the court determined on the merits of the issue presented by the affidavit of illegality. Although there was filed with the clerk, on the day of the hearing, two affidavits denying the facts alleged in the defendant's affidavit of illegality, as shown by the record, we can not consider them as evidence before the court on the hearing of the motion, for the reason that they are not made a part of the record by a bill of exceptions. This, however, does not affect the validity of the judgment. In the absence of sufficient showing to the contrary, the presumption is, that the court decided correctly on the matters before it, and that there was produced sufficient evidence to sustain the decision of the court.

No objection was made to the disposing of the motion by the Circuit Court, and, as before stated, no bill of exceptions was taken showing what transpired at the hearing.

On the record before us the judgment should be affirmed, and it is so ordered.

LIDDON, J., dissents.