## CONE v. TUSCALOOSA MANUF'G CO.

### (Circuit Court, S. D. New York. November 24, 1896.)

SERVICE OF PROCESS—CORPORATIONS—DOING BUSINESS IN FOREIGN STATES.

A corporation organized to manufacture and sell goods, which conducts its manufacture in the state where it is organized, but regularly sells some of its goods through a selling agent in another state, is doing business within such other state, so as to render valid a service of process made upon one of its officers while casually in such latter state on other business.

This was a suit by Moses H. Cone against the Tuscaloosa Manufacturing Company. The cause was heard on a motion by the defendant to set aside the service of summons.

William J. Gibson, for the motion.

Samuel H. Guggenheimer, opposed.

LACOMBE, Circuit Judge. The circumstance that the president of defendant corporation is here casually to discharge his duties as a public officer, and not on any business for the corporation, is immaterial, if the papers show that the corporation does business here. The cause is a removed one; service on the president is undoubtedly sufficient, under the state law; and, if the defendant corporation has come into the state to do business, it will be assumed to have assented to be bound by the state law. The business of defendant corporation is twofold. It manufactures cotton goods, and then sells them. The manufacture is wholly conducted in the state of Alabama. The sale, however, of so much of its product as is known in the trade as "plaids, checks, and stripes," has been, since 1891, conducted here through another corporation as selling agent. Examination shows that defendant does not sell its entire product to the selling agent, which thereafter resells, and thus makes its profit or loss. The selling agent is strictly an agent who sells defendant's goods for the account of said defendant, and, for its services in effecting such sales and guarantying the solvency of the purchasers, receives a commission. The goods, even when sent to the selling agent, remain the property of defendant until sale is effected with some third party. The defendant thus offering for sale and selling its goods here is "doing business within the state," quite as much as if it offered and sold them through a salaried officer resident here.

The suggestion that a few months prior to service of the summons the defendant made a general assignment of all its property for the benefit of creditors, in accordance with the law of Alabama, does not change the situation, in view of the decision of the supreme court in Société Foncière et Agricole des Etats Unis v. Milliken, 135 U. S. 309, 10 Sup. Ct. 823. Motion to set aside service is denied.