JAMES H. HAYES, *Appellant,* v. JOHN FROHOCK, SHER-
IFF, AND DOTY & STOWE COMPANY, A CORPORA-
TION, *Appellees.*

1. A court of equity will not enjoin the sale of real estate under
an execution that has been adjudged to be valid in proceedings
at law taken for that purpose by the defendant in execution,
where no independent equity is shown.

2. Where the legality of an execution has been determined under
statutory proceedings, the matter is *res adjudicata* and will in
general not be reviewed by a. court of equity.

This case was decided by Division A.

Appeal from the Circuit Court for Dade County.

The facts in the case are stated in the opinion of the
court.

*Geo. A. Worley,* for appellant.

*Price & Rand,* for appellee.

WHITFIELD, J.— The appellant, James H. Hayes,
brought a suit in equity in the Circuit Court for Dade
County to enjoin the sheriff from making a sale of real
estate situated in Dade county under an execution issued
from the Circuit Court for Dade county upon a judg-
ment obtained by the Doty & Stowe Company against
Hayes in the County Court for Duval county. The bill
of complaint alleges that the judgment of the county
court for Duval county upon which the execution issued,
is void because the court had no jurisdiction of the sub-
ject-matter and the parties. An injunction bond appears
in the transcript indicating that an injunction was issued
as prayed. The defendants by answer aver that the

amount of the claim on which judgment was obtained was less than $500.00 and within the jurisdiction of the court; that the defendant Hayes appeared in the cause and filed pleas both in abatement and in bar; that a transcript of the judgment of the County Court of Duval county was recorded in Dade county, upon which execution issued from the Circuit Court for Dade county in accordance with the statutes; that the legality of the execution was determined by the circuit court for Dade county under the statute, and that no writ of error thereto was taken. Copies of the affidavit and judgment in the proceedings to determine the legality of the execution were filed with the answer. The court dissolved the injunction and dismissed the bill, stating that the matters set forth in the bill of complaint had been already adjudicated in a proceeding upon an affidavit of illegality. An appeal was taken by Hayes.

Equity will not enjoin the sale of real estate under an execution where the legality of the execution has been adjudicated in proceedings at law taken for that purpose by the defendant in execution, and no independent equity is shown. The statute provides that the court before which an execution is returnable, may upon stated proceedings and for good cause, direct a stay of the same, and the suspension of proceedings thereon. Section 1624 Gen. Stats.; Houston v. Bradford, 35 Fla. 490, 17 South. Rep. 664. The proceeding upon affidavit of illegality being statutory and at law may be reviewed by writ of error. Clinton v. Colclough. 54 Fla. 520, 44 South. Rep. 878. See also the remedy afforded by section 1625 Gen. Stats.; Barnett v. Hickson, 52 Fla. 457, 41 South. Rep. 606.

It appears that the legality of the execution was determined under the statutory proceedings and no writ of

error was taken to the judgment of the court dismissing the proceedings. The matter is *res adjudicata* by the proceeding at law taken by the defendant in execution, who cannot have such proceeding reviewed in equity.

The decree is affirmed.

SHACKLEFORD, C. J., and COCKRELL, J., concur.

TAYLOR, HOCKER and PARKHILL, JJ., concur in the opinion.