W. C. BASS, *Plaintiff in Error*, v. CHARLES G. LEE,
*Defendant in Error.*

Opinion Filed January 26, 1917.

In an action on promissory notes, where a plea avers the delivery
    of the notes, but does not aver that the plaintiff holder knew
    of an asserted agreement between the original parties af-
    fecting the validity of the notes or that the notes are so in-
    complete or irregular on their face as to affect their validity
    or to put the holder on notice of an agreement affecting the
    validity of the notes, such plea is subject to demurrer.

Writ of Error to Circuit Court for Osceola County;
Jas. W. Perkins, Judge.

Judgment affirmed.

*O'Bryan & Pledger*, for Plaintiff in Error;

*Kribbs & Steed*, for Defendant in Error.

WHITFIELD, J.—Charles G. Lee brought an action
against W. C. Bass on two promissory notes made pay-
able to M. D. Wilson, R. D. Waring and T. D. Curtis.
Bass filed the following amended pleas:

"That the notes sued on are not the notes of this de-
fendant, in this: That this defendant had heretofore be-

come accommodation surety and endorser for one R. D. Waring, upon certain promissory notes: That said notes had matured and demand had been made upon this defendant for payment of the same; that this defendant in turn made demand upon the said R. D. Waring to make such payment, that the said Waring stated his inability to make such payment at the time, but that he, the said R. D. Waring, procured this defendant to enter into an agreement whereby if this defendant would sign two other notes to be made payable in the future, that he, Waring, could, by the use of said other notes, pay off, discharge and take up the notes then past due; that should this defendant sign such additional notes, the proceeds thereof would be used in discharging and paying off said past due notes by the date on which said new notes would mature, he, the said Waring, would be able to pay off and discharge said amounts and release this defendant from further liability. That this defendant relying upon said representations of the said R. D. Waring, believing that should he sign said new notes that they would be used in paying off and discharging said past due notes, and this defendant not having received any consideration for the signing of said notes, thereby desiring that the said Waring pay off and discharge them, agreed to the same.

"That in pursuance of said agreement between this defendant and the said R. D. Waring, as aforesaid, the said R. D. Waring sent one M. D. Wilson to this defendant bearing a request that this defendant sign said notes as accommodation maker and to send the same to him by the said M. D. Wilson; that he, Waring, would sign them as principal maker and use them in retiring and discharging the amount due upon said over due notes, upon which this defendant was liable as endorser, as aforesaid. And this defendant did sign the said notes in blank, and upon

the second line for signing, and sent them to the said Waring by the said M. D. Wilson, for the sole purpose that the said Waring should become the principal maker thereon and making use of in settling the past due indebtedness as aforesaid. This defendant avers, that notwithstanding the agreement between him and the said R. D. Waring, that he was signing the notes as accommodation maker with the said R. D. Waring, and for that reason signed on the second line of said notes, and to become surety for him as aforesaid, the said R. D. Waring failed and refused to complete said notes by signing them as principal maker thereof as agreed, but without authority from this defendant and without his knowledge or consent, wrote, or procured to have written into said notes the name of the said M. D. Wilson, who was the messenger in making the delivery of the partially executed notes from this defendant to the said Waring, and procured a transfer of said notes by the said M. D. Wilson to him the said R. D. Waring, who transferred the same to the endorser of the plaintiff and the said R. D. Waring did not pay off and discharge the amount due upon said past due notes, on which this defendant was endorser, and this defendant was compelled to pay the same.

"Wherefore, the plaintiff and his assignor, took said notes with notice of their incompleteness and of irregularities appearing upon the face thereof."

### SECOND.

And for further plea, this defendant says:

"That the plaintiff and his assignor took said notes with notice of incompleteness and irregularities appearing on the face thereof, and that said notes being incomplete were attempted to be negotiated without authority from or the consent of this defendant."

A demurrer to the pleas was sustained, and the court ordered final judgment for the plaintiff, which was entered by the clerk, as follows:

"AND NOW on the 15th day of April, A. D. 1916, come the plaintiff by his attorneys KRIBBS & STEED, and moves for a final judgment, and produces the original notes sued upon and mentioned in his declaration; and the Clerk having ascertained that there is due the plaintiff for principal $981.82, and for interest $45.80, and for attorney's fee $98.18; and an order of the Judge to enter final judgment having been received and duly filed; therefore it is considered by the court that the plaintiff, the said Charles G. Lee, do have and recover of and from the defendant, the said W. C. Bass the sum of $1,125.80 damages, and costs which are now here taxed at $4.02, and that the plaintiff do have execution thereof.

"J. L. Overstreet, Clerk,
"By James M. Johnson, Deputy.

"Recorded in Final Judgment Book No. 1, page 115."

On writ of error taken by the defendant it is contended that there was error in sustaining the demurrer to the amended pleas and in directing the clerk to enter final judgment.

Section 2959 General Statutes of 1906, is as follows:

"Where an incomplete instrument has not been delivered it will not, if completed and negotiated, without authority, be a valid contract in the hands of any holder, as against any person whose signature was placed thereon before delivery."

As the plea expressly refers to "the delivery of the partially executed notes," in stating the circumstances under which the defendant signed the note, the above quoted statute is not applicable. The plea does not aver that the holder of the notes knew of the circumstances of

the execution of the notes as stated in the plea, but after stating the facts relied on, the first amended plea avers that "wherefore the plaintiff and his assignor took said notes with notice of their incompleteness and of irregularities appearing upon the face thereof." The second amended plea adds "and that said notes being incomplete, were attempted to be negotiated without authority from, or the consent of this defendant."

The plea avers the delivery of the notes by Bass to Waring through M. D. Wilson, the payee, pursuant to an agreement between Bass and Waring, but it does not aver that the plaintiff holder of the notes knew of the alleged agreement and the notes as set out in the transcript does not appear to be so incomplete or irregular on their face as to affect their validity, or to put the holder on notice of an agreement affecting the notes. This being so, the pleas were subject to demurrer. The entry of the judgment by the clerk pursuant to the order of the judge, was in accordance with law. McGee v. Ancrum, 33 Fla. 499.

The judgment is affirmed.

BROWNE, C. J., and TAYLOR, SHACKLEFORD and ELLIS, JJ., concur.