ATLANTIC & GUIF GROCERY COMPANY, A CORPORATION, *Plaintiff in Error,* v. THE AETNA MILLS COMPANY, A CORPORATION, *Defendant in Error.*

Opinion Filed January 29, 1919.

Service made upon a resident broker does not give jurisdiction over a foreign corporation for which the broker had never been an agent.

A Writ of Error to the Circuit Court for Duval County; Daniel A. Simmons, Judge.

Judgment affirmed.

*Alexander & Martin,* for Plaintiff in Error;

*Marks, Marks & Holt,* for Defendant in Error.

8—Vol. 77.

WHITFIELD, J.—Plaintiff in error brought an action for damages against the Aetna Mills Company for alleged breach of contract to deliver flour. The defendant filed the following plea, *viz*:

"Comes now the Aetna Mills Company, a corporation, appearing specially. in proper person by its duly authorized officers, and for the sole purpose of contesting the jurisdiction of the above court, and not otherwise, files this, its plea, and says:

"That summons herein was served upon one, W. A. Wiggs, as the resident business agent of this defendant, in the County of Duval, State of Florida, and who was at the time of service upon him a mercantile broker, and that the said defendant corporation was organized and existing, and now exists only under and by virtue of the laws of the State of Kansas, and has always had its office and place of business in the County of Sumner and State of Kansas, and nowhere else, and that said defendant has never been domiciled within the State of Florida, and has never had any office or place of business, or any agent or agency in the County of Duval, or elsewhere in the State of Florida, and that said defendant corporation did not at the time of the attempted.service of the summons in said cause, or at any other time, carry on or conduct any business, or have any office, officer or agent for the transaction of business in the State of Florida and that no person at the time of said attempted service was authorized to conduct any business for, or represent said defendant corporation in the State of Florida, in any manner whatsoever, and that the said W. A. Wiggs,. had no connection of any kind with said defendant corporation, except as a flour

broker to take orders for flour and send them to this defendant at Wellington in the State of Kansas, and that at the time of the attempted service of said summons upon the said defendant corporation by leaving a true copy thereof with the said W. A. Wiggs, he was acting solely in the capacity of broker, as aforesaid, and not otherwise on this defendant's behalf.

"And the said defendant says that the said Circuit Court of the Fourth Judicial Circuit of the State of Florida, in and for Duval County never acquired any jurisdiction in said cause of this defendant by the said attempted service of said summons upon the said W. A. Wiggs, and has never acquired, and has no jurisdiction of the said defendant in the said cause, and this the said defendant is ready to verify.

"Wherefore, it prays judgment if the court here will take cognizance of the action aforesaid."

Issue was joined on this plea and trial had thereon. Verdict and judgment were rendered for the defendant and plaintiff took writ of error.

There was positive testimony by competent witnesses that the defendant foreign corporation had no place of business and no agent in Florida, and had not transacted any business in this State, and that W. A. Wiggs was a broker and had never been an agent of the defendant corporation. There is also evidence tending to show that Wiggs acted as the agent of the defendant corporation within the jurisdiction of the court; but the question of fact was by fair charges submitted to the jury and settled by them in favor of the defendant, and there is ample evidence to sustain the finding, therefore it will not be disturbed.

No harmful error of procedure appearing, the judgment is affirmed.

BROWNE, C. J., AND TAYLOR, ELLIS AND WEST, J. J., concur.