GEORGE A. HORMEL & Co., a Corp., et al., v. F. W. ACKMAN.

158 So. 171.

Division B.

Opinion Filed September 17, 1934.

Petition for Rehearing Denied October 8, 1934.

*Watson & Pasco & Brown,* for Plaintiffs in Error; *John M. Coe,* for Defendant in Error.

BROWN, J.—The controlling question here relates to the legality *vel non* of the service of summons *ad respondendum* upon the defendant in the court below, a nonresident corporation, upon which service judgment by default and final judgment were rendered against the defendant, plaintiff in error here, in an action in tort for damages. The sheriff's return showed service upon one James C. Waseman, "being then and there a business agent of the defendant * * * resident in the State of Florida; and there being then and there no President, Vice-President, or other head of such corporation, nor Cashier, nor Treasurer, nor Secretary, nor General Manager, nor Director thereof, in the County of Escambia, or in the State of Florida." This return, on its face, complied with Section 4251, Comp. Gen. Laws. The service of summons upon Waseman was not brought to defendant's attention, and it did not appear. After judgment was rendered against it, one of its trucks, being driven in Escambia County, Florida, was levied upon under an execution issued on said judgment. The defendant filed its affidavit of illegality under the statute (Sections 4515-16 Comp. Gen. Laws) and gave bond to release the levy. The plaintiff filed motion to quash the affidavit, and the court, after hearing testimony on the issues raised·by the affidavit

and motion, sustained the motion to quash the affidavit of illegality, to which ruling the defendant excepted. Judgment under the statute was entered against the defendant and the surety on its bond; whereupon defendant took writ of error, and the evidence advanced on the trial is brought here by bill of exceptions.

The statutory remedy adopted by plaintiff in error was an available one to raise the question here presented, on the facts of this case. McGee v. Ancrum, 33 Fla. 499, 15 So. 231; Houston v. Bradford, 35 Fla. 490, 17 So. 644; *In re*: Shapiro Holding Corporation, 15 Fed. (2nd) 601. See also Bartlett v. Cone, 97 Fla. 256, 120 So. 357.

The affidavit of illegality, among other things, alleged that Waseman, the person upon whom the summons was served, was not the business agent of the defendant, resident in the State of Florida, as set forth in the sheriff's return, and that the judgment against it, and the execution issued thereon, were therefore illegal and void, having been obtained without due process. This was put in issue by the motion interposed by defendant in error.

The testimony of the manager of plaintiff in error's plant in Mobile, Ala., was to the effect that said James C. Waseman was "employed" by plaintiff in error in the State of Florida at the time stated in the sheriff's return. Witness said "the character of his employment was selling merchandise to arrive only. I mean by that the order was conditional on acceptance by the company. He would transmit orders to the company and the company would fill them if they so elected. These orders went to Mobile, Alabama. We had no place of business in Florida." On cross examination the witness testified that: "At the time he was employed he lived in or near Pensacola. He did the collecting over here. Mr. Waseman solicited the trade, took the orders and sent them in, and when they were O. K.'d for credit,

they were shipped, and he collected some of the money, but not all. The bulk of the trade we already had credit information on. I dare say that during the time he was with us there were no new accounts. It was a part of his duty to solicit new accounts. * * * We still have an agent. We do the delivering over here by refrigerated truck driven from Mobile, Ala., with orders to be filled over here. * * * Territory in Florida goes as far as Bagdad. * * * The Pensacola agent represents us in Milton and Bagdad." This was practically all the material evidence on the point in question. The conclusion of the lower court that this testimony proved that Waseman was plaintiff in error's "business agent, resident in the State of Florida," within the meaning of Section 4251, C. G. L., and as stated in the sheriff's return, was correct. The fact that corporate business is interstate in character does not immunize the corporation from service of process in State courts.

In the case of International Harvester Company v. Commonwealth of Kentucky, 234 U. S. 579, 58 Law Ed. 1479, it was held that the continuous solicitations of orders through the local agents of a nonresident manufacturing corporation, which are sent to another state to be filled, the articles ordered being delivered within the State, and the agents having authority to receive payment in money, check or draft, and to take notes payable at banks in the State, amounts to the doing of business in the State to the extent which will authorize the service of process upon the agents thus engaged. The facts of the instant case bring it within the reasoning employed in the cited case. See also 14A C. J. 1380-1381; 12 R. C. L. 119; and Cone v. Tuscaloosa Mfg. Co., 76 Fed. 891.

This holding is not in conflict with the case of Atlantic & Gulf Grocery Co. v. Aetna Mills Co., 77 Fla. 113, 80 So. 738, wherein this court held that service upon a resident

broker does not give jurisdiction over a foreign corporation for which the broker had never been an agent.

We find no reversible error in the record, and the judgment of the trial court is therefore affirmed.

WHITFIELD, P. J., and BUFORD, J., concur.

DAVIS, C. J., and TERRELL, J., concur in the opinion and judgment.

ELLIS, J., concurs specially.

ELLIS, J. (concurring specially).—I think that the decision in this case should rest upon the proposition that the corporation was engaged in doing business in this State under authority of the case of International Harvester Co. Kentucky 234, 21 S. 579, 58 Sec. 1479. Under authority of that case, Normel & Company, the Alabama Corporation, was doing business in this State at the time of the attempted service of process on Waseman. It was engaged in a continuous course of business in this State. The manager of the corporation testified that it had an agent in Pensacola continuously from March to November, 1931, and still has an agent there. By that course of business the corporation manifested its presence within this State and Waseman's authority consisted in more than mere solicitation, he had authority to receive payment in part for the goods delivered. In which circumstance he was a business agent of the corporation, residence in this State, within the meaning of Sec. 4251, C. G. L., Florida.