67 So.2d 762 (1953)
MASON et al.
v.
MASON PRODUCTS CO.
Supreme Court of Florida. Division B.
November 3, 1953.
Will O. Murrell, Jacksonville, for appellant.
Milam, McIlvaine, Carroll & Wattles, Jacksonville, for appellee.
DREW, Justice.
This appeal presents two questions for determination. The first is whether under the facts disclosed by the record the foreign corporation defendant, hereafter called appellee, was "doing business" in the State of Florida to the extent which would make it subject to the jurisdiction of the Florida courts. The second question is whether service of process on a person who took orders in his spare time for the products of the foreign corporation, was sufficient to bind the corporation under Section 47.17, Fla.Stats. 1951, F.S.A. Section 47.16 thereof also is cited in appellants' brief. But that Section prescribes a mode of substituted service upon the Secretary of State binding upon foreign corporations and others under specified conditions. The service contested here was made upon a person "As Business Agent" of defendant; therefore the said Section, 47.16, Fla.Stats. 1951, F.S.A., is not applicable to this case.
We have carefully examined the record and facts disclosed therein. The salesman upon whom process was served was regularly employed by a stranger to appellee. One day the salesman observed an advertisement of appellee and answered it. Appellee sent him a catalogue and a form letter and booklet telling him about appellee's product and how to place orders. His compensation was the down payment set forth in the catalogue which, in the event of a sale, he retained. The order was then sent to appellee in a foreign state, was subject to its acceptance, and if accepted the product was shipped to the customer C.O.D. The saleman knew nothing about *763 the appellee, had no contract with it, and outside of members of his family had taken orders from only two persons, one of whom was appellant.
The record shows no relationship of the character which would create either a legal or moral duty on the part of the salesman to report and properly handle a summons served on him as agent of the appellee. To hold that under such circumstances service on such person is sufficient to give the courts of this state jurisdiction to enter a judgment against the appellee offends every principle of justice and due process. After all, it is fundamental that due process requires notice and a fair opportunity to be heard, but this principle has been circumscribed by the admonition that such contracts must not offend traditional notions of fair play and substantial justice. International Shoe Co. v. State of Washington, 326 U.S. 310, 66 S.Ct. 154, 90 L.Ed. 95, 161 A.L.R. 1057. We think the situation here falls squarely in the latter category and that the service on the salesman was invalid.
Appellants rely heavily on George A. Hormel & Co. v. Ackman, 117 Fla. 419, 158 So. 171, 172, but the facts there presented an entirely different picture. The lower court in that case found that the facts established that the person served was the corporation's "business agent, resident in the State of Florida". The order of the lower court in the case now under review was to the contrary and we think the facts clearly support the conclusion.
Each case of this kind must rest on its own bottom for the simple reason that whether service is valid depends on what the facts are. There is no way to lay down a general principle applicable to all cases. See International Shoe Co. v. State of Washington, supra; Atlantic & Gulf Grocery Co. v. Aetna Mills Co., 77 Fla. 113, 80 So. 738; and see Note (1938) 113 A.L.R. 9, containing an exhaustive annotation on the subject of who may be served to bind a foreign corporation. See also the recent case of State ex rel. Weber v. Register, Fla., 67 So.2d 619, discussing what is "doing business" in a State.
Having determined that the relationship between the salesman and the appellee was insufficient to form a basis for valid service of process it follows that there is no necessity of passing on the first question posed by appellants.
The judgment appealed from is affirmed.
ROBERTS, C.J., and THOMAS and HOBSON, JJ., concur.