CARROLL, CHAS., Judge
(dissenting).
The appellant Benjamin Zirin, trading and doing business as Zirin Enterprises, *696 filed an action at law for damages against the appellee Charles Pfizer & Co., Inc., a Delaware corporation, in the circuit court in Dade County. Personal service of process was attempted by serving an agent of the defendant corporation. Defendant filed a motion challenging the jurisdiction, supported by an affidavit made in New York by its vice president, as follows:
“Before me, the undersigned authority, personally appeared J. William Stuart, who . by me being first duly . sworn deposes and says:
“1. That he is Vice-President of Chas. Pfizer & Co., Inc.
“2. That Chas. Pfizer & Co., Inc. is a corporation organized and existing under the laws of the State of Delaware.
“3. That Chas. Pfizer & Co., Inc., a Delaware corporation, is not qualified to do business in the State of Florida.
“4. That no Agent has been appointed by Chas. Pfizer & Co., Inc. in the State of Florida upon whom process may be served.
“5. That Howard Taylor is not authorized to accept service of process on behalf of Chas. Pfizer & Co., Inc. in the State of Florida.
“Further Affiant sayeth not.”
The question raised in the trial court under that motion was whether the defendant corporation was doing business in the State of Florida within the contemplation of § 47.171, Fla.Stat., F.S.A., so as to permit personal service by serving its local agent.[1]
After hearing evidence and argument on the matter the trial judge dismissed the cause, on making the following order:
“This Cause having come on to be heard upon the defendant’s motion to dismiss for lack of jurisdiction over the person of the defendant, and the Court having heard testimony in connection therewith offered by the plaintiff, and it appearing to the Court from the pleadings and record in this cause that the defendant was not doing business in the State of Florida at the time this suit was instituted and at the time summons and complaint were served upon Ploward Taylor, and it further appearing that there has been no proper service of the summons and complaint upon the defendant herein, and the Court having heard argument of counsel for the respective parties, and having been otherwise fully and duly advised in the premises, it is
“Ordered and Adjudged as follows:
“That this cause be and the same is hereby dismissed, at the cost of the plaintiff.”
The defendant was a Delaware corporation with its principal place of business in Brooklyn, New York, and with a regional office in Chamblee, Georgia. Its pharmaceutical products were dispensed in the State of Florida through wholesale and retail druggists, and by direct shipments into Florida in response to orders solicited and obtained in Florida by its regularly employed salesmen here. It maintained two district managers in Florida. The agent upon whom the process was served, Howard Taylor, was the company’s dis *697 trict manager for the southern district of Florida for Pfizer Laboratories, the name used by the corporation to designate its pharmaceutical division.
Taylor had nine salesmen working under his supervision in his district. The number of salesmen in the remainder of the state was not shown, but passing over the possibility that there was similar personnel in the northern district, and looking only to the activities of the manager and the salesmen in the southern district, it was demonstrated from the testimony of the district manager and of a customer that the defendant foreign corporation was doing a regular and extensive business through its local agents in this state.
The manager and the salesmen were paid their compensation monthly by checks from the New York office of the defendant. The salesmen also received expense money on a monthly basis from the home office, after their expense accounts were checked and approved by the district manager. The activities of the salesmen were shown to be twofold. One was in the manner of public relations, by calling on doctors and seeking to have them prescribe the company products. Secondly, regular calls were made by the salesmen on retailers and wholesalers to encourage them to purchase the company’s products and to maintain inventory levels; also, in the case of retailers, the salesmen solicited and received orders for the company’s products, relayed the majority of the orders to local wholesalers for execution, but forwarded a substantial number of such orders to the regional office in Georgia or to the home office in New York, where, following approval of such orders, the goods would then be shipped and invoiced to the Florida retailers.
A foreign corporation, though not having qualified to do business in Florida, which maintains a staff of salesmen in Florida who solicit orders for merchandise to be shipped into this state is doing business in Florida within the meaning of the statute in question. See International Shoe Co. v. Washington, 326 U.S. 310, 66 S.Ct. 154, 90 L.Ed. 95; George A. Hormel & Co. v. Ackman, 117 Fla. 419, 158 So. 171; 14 Fla.Jur., Foreign Corporations, § 6; cf. State ex rel. Guardian Credit Indemnity Corp. v. Harrison, Fla.1954, 74 So.2d 371; Wm. E. Strasser Construction Corp. v. Linn, Fla.1957, 97 So.2d 458, 460. Employment of agents in Florida to call on customers for the purpose of promoting and furthering the company’s business in Florida and to encourage the use of its products, amounts to doing business within the state so as to permit service of process on the company’s agent here. See W. H. Elliott & Sons Co. v. Nuodex Products Co., 1 Cir., 1957, 243 F.2d 116; Kneeland v. Ethicon Suture Laboratories, 118 Cal.App. 2d 211, 257 P.2d 727; Taylor v. Klenzade Products, 97 N.H. 517, 92 A.2d 910.
Under the uncontradicted facts thus disclosed in the evidence the trial judge’s holding that the defendant was not doing business in Florida so as to permit service upon its agent under the statute was contrary to the import and manifest weight of the evidence.
I am, therefore, of the opinion that the order appealed from should be reversed.

. § 47.171, Fla.Stat., F.S.A., provides as follows:
“When any domestic or foreign corporation shall fail to comply with §§ 47.34 and 47.35 relating to the designation of the place for service of process, or in the alternative, with § 47.36, relating to the designation of the office of the clerk of the circuit court as a place for service of process, then process directed to any domestic corporation failing to comply with said sections may be served upon any officer or agent of such domestic corporation resident in the state or transacting business for it in the state. Process directed to any foreign corporation failing to comply with said sections may be served upon any agent of such foreign corporation transacting business for it in Florida.”