PER CURIAM.
This appeal involves the propriety of an order of a trial court dismissing a cause of lack of jurisdiction over the person of the appellee. The question was a purported service of process upon a foreign corporation, pursuant to Ch. 47, Fla.Stat., F.S.A.
By appropriate pleadings, the defendant in the trial Court raised the question of whether or not it had sufficient contacts within the State of Florida to subject it to substituted service of process under the aforesaid statute. As has been said before, each of these cases must turn upon their own facts. See: Mason v. Mason Products Co., Fla.1953, 67 So.2d 762; Toffel v. Baugher, Fla.App.1960, 125 So.2d 321; G & M Restaurants Corp. v. Tropical Music Service, Inc., Fla.App.1964, 161 So.2d 556. In the Mason v. Mason Products Co. case, supra, the following is found:
* * * * * *
“Each case of this kind must rest on its own bottom for the simple reason that whether service is valid depends on what the facts are. There is no way to lay down a general principle applicable to all cases. See International Shoe Co. v. State of Washington, supra *32 [326 U.S. 310, 66 S.Ct. 154, 90 L.Ed. 95, 161 A.L.R. 1057]; Atlantic & Gulf Grocery Co. v. Aetna Mills Co., 77 Fla. 113, 80 So. 738; and see Note (1938) 113 A.L.R. 9, containing an exhaustive annotation on the subject of who may be served to bind a foreign corporation. See also the recent case of State ex rel. Weber v. Register, Fla., 67 So.2d 619, discussing what is ‘doing business’ in a State.”
******
The appellant has failed to make it appear from the record that the trial judge committed error. Therefore, we affirm his action in dismissing the cause.
Affirmed.