307 So.2d 889 (1974)
CROWN COLONY CLUB, LIMITED, Appellant,
v.
Christi M. HONECKER, Appellee.
No. 74-1086.
District Court of Appeal of Florida, Third District.
December 31, 1974.
Rehearing Denied February 24, 1975.
*890 Underwood, Gillis, Karcher, Reinert & Gordon, Miami, for appellant.
Blackwell, Walker, Gray, Powers, Flick & Hoehl and Mark Hicks, Miami, for appellee.
Before BARKDULL, C.J., HAVERFIELD, J., and CHARLES CARROLL (Ret.), Associate Judge.
PER CURIAM.
Defendant-appellant takes this interlocutory appeal to review the trial court's order denying its motion to dismiss for lack of jurisdiction over the person.
On October 1, 1969, plaintiff-appellee, Christl Honecker was struck by a propeller when she attempted to board an airplane on an airstrip which was located on Chub Cay, Bahamas. The airport and strip was owned and maintained by the defendant-appellant, Crown Colony Club, Ltd., which operates a hotel, marina and restaurant on the island. Having sustained injury thereby, plaintiff filed a complaint for damages against the owners of the aircraft and thereafter filed an amended complaint naming Crown Colony Club, Ltd. and its liability insurer, Hanover Insurance Company, as additional defendants whose liability was grounded upon the theory of negligence in the control and maintenance of the airstrip. Service of process upon the defendant-appellant corporation was attempted by (1) substituted service of process upon the Secretary of State pursuant to § 48.181, Fla. Stat. and (2) service of process upon one Elizabeth Rom as agent transacting business for the defendant-appellant.
In 1965 defendant corporation had engaged the services of a Miami concern by the name of Phonealetter, which was a partnership owned by Frank and Elizabeth Rom. Phonealetter, which has approximately fifty (50) clients performed the following services for the defendant-appellant: (1) made reservations, (2) handled correspondence, (3) coordinated the placing of orders with suppliers, (4) contacted workmen and arranged for their transportation to Chub Cay, (5) had installed in its office 3 telephones which were listed in the telephone book under the name of defendant-appellant and (6) had fastened to the outside wall of the office a sign which read "Crown Colony Club." Defendant also listed the address of Phonealetter as one of its two Miami mailing addresses.
Defendant-appellant, Crown Colony Club, Ltd. and its insurer filed motions to quash service of process and to dismiss for lack of jurisdiction over the person. *891 A hearing was conducted thereon and thereafter the trial judge entered the herein appealed order denying these defense motions and specifically finding therein that service of process was effected properly pursuant to §§ 48.181 and 48.081 Fla. Stat., F.S.A.
On appeal, defendant-appellant first contends that the trial judge erred in finding that service of process was sufficient under § 48.181, Fla. Stat. We find this point has merit.
It is well established that in order to obtain jurisdiction under § 48.181, Fla. Stat. over foreign corporations not qualified to do business in Florida like the defendant corporation in the case sub judice, it must be shown that the cause of action arose out of a transaction or operation connected with or incidental to the activities of the foreign corporation in Florida. Donnelly v. Kellogg Co., 293 F. Supp. 53 (S.D.Fla. 1968); Eder Instrument Co. v. Allen, Fla.App. 1971, 253 So.2d 902; Lyster v. Round, Fla.App. 1973, 276 So.2d 186.
Plaintiff in the case at bar having been injured on an airstrip located on Chub Cay, Bahamas and the defendant corporation's liability being based on the negligent maintenance thereof, we have determined that the trial judge erred in finding that the substituted service of process upon the Secretary of State pursuant to § 48.181 Fla. Stat. was sufficient to confer jurisdiction over the person of the defendant.
We next turned our consideration to appellant's second point on appeal which challenges the sufficiency of the service of process upon Elizabeth Rom as business agent pursuant to § 48.081 Fla. Stat.
After a review of the services performed by Phonealetter on behalf of the defendant as reflected by the record on appeal, it is apparent that Elizabeth Rom handled the operations of the defendant in Florida and was the communications link between the defendant and Miami. We find that there was competent substantial evidence to support the determination of the trial judge that defendant had a business office in the state and Elizabeth Rom acted in the capacity as business agent for the defendant club. Cf. George A. Hormel & Company v. Ackman, 117 Fla. 419, 158 So. 171 (1934); Bradberry v. Frank L. Salvage, Inc., Fla.App. 1966, 190 So.2d 183.
Thus, we hold that the service of process upon Elizabeth Rom was sufficient pursuant to § 48.081(5) which reads as follows:
"48.081 Service on corporations
* * * * * *
"(5) Where a corporation has a business office within the state and is actually engaged in the transaction of business therefrom, service upon any officer or business agent, resident in the state, may personally be made, pursuant to this section, and it is not necessary in such case, that the action, suit or proceeding against the corporation shall have arisen out of any transaction or operation connected with or incidental to the business being transacted within the state."
For the reasons cited hereinabove, the herein appealed order finding that service of process properly was perfected under § 48.181 Fla. Stat. hereby is stricken; the remainder of the order denying defense motions to dismiss for lack of jurisdiction over the person and finding that service of process properly was effected under § 48.081 Fla. Stat. hereby is affirmed.
It is so ordered.