JAMES H. GROOMS AS ADMINISTRATOR OF THE ESTATE OF JOHN C. GROOMS, DECEASED, AND EDWARD S. GROOMS, APPELLANTS, VS. ANDREW J. WOOD, APPELLEE.

Appellate Practice—Entry of Appeal—Return Day Therein.

1. Where an entry of appeal was made on the 30th day of December, 1895, but omits to state any time or term of the appellate court on which it is to be returnable, and citation is issued thereon made returnable to the June term, 1896, of the appellate court, and the appellee fails to appear in any manner in the appellate court, such appeal is fatally defective, and will be dismissed.

2. An equity cause cannot be reviewed on writ of error.

Appeal from the Circuit Court for Putnam County.

The facts in the case are stated in the opinion of the Court.

*Geo. P. Fowler*, for Appellants.

No appearance for Appellee.

PER CURIAM.:

This cause coming on to be heard for final adjudication in its regular order on the docket, and it appearing to the court that the entry of appeal was made therein on the 30th day of December, 1895, but does not state any time or term on which such appeal was returnable before this court, and that the citation therein issued was made returnable to the June term, 1896, of this court, and that the appellee has not appeared here in

any manner, the appeal is, therefore, fatally defective, and must therefore be dismissed.

Subsequent to the entry of the appeal a writ of error was sued out by the appellants, but as the cause is one in equity, writ of error does not lie therein.