Heebner v. Town of Orange City—Syllabus.

44   159
46   231
46   248

44   159
54   522
55   784

WILLIAM D. HEEBNER, APPELLANT, vs. TOWN OF ORANGE CITY, A MUNICIPAL CORPORATION, APPELLEE.

## APPELLATE PRACTICE—CASES AT LAW REVIEWABLE BY WRIT OF ERROR.

The proceedings by petition, on behalf of a party desiring to have his land excluded from the corporate limits of a town, provided for by section 720 of the Revised Statutes as amended by Chapter 4601 laws of 1897, is one at law, a judgment in which can be reviewed in the appellate court only by writ of error, and not by an appeal.

Appealed from the Circuit Court for Volusia County.

Appeal dismissed as being unauthorized in cases at law.

*Isaac A. Stewart* (with whom was *Egford Bly* on brief) for Appellant;

*F. C. Austin,* for Appellee.

PER CURIAM.

This cause being reached in its regular order on the docket for final adjudication was referred by the court to its commissioners for investigation, who report the same recommending dismissal of the appeal. Upon considera tion of the cause upon the abstracts of the record the court finds that the proceeding was a statutory petition under Chapter 4601 laws of 1897, and from the judgment in which an *appeal* has been taken to this court instead of a writ of error. Such a proceeding is one at law and not in equity. City of Tampa v. Mugge, 40 Fla. 326, 24 South. Rep. 489; City of Tampa v. Kaunitz, 39 Fla. 683, 23 South. Rep. 416. Since the adoption of the Revised Statutes there is no such thing as an appeal from a judg- ment at law, but such judgments can be reviewed only by writ of error unless especially otherwise provided. The said appeal taken in said cause is, therefore, hereby dis- missed at the cost of the appellant.