ISAAC H. TRABUE, *Appellant* v. W. J. WILLIAMS, *Appellee.*

APPELLATE PRACTICE—AN APPEAL DOES NOT LIE FROM AN ORDER OR JUDGMENT OF THE CIRCUIT COURT IN AN ACTION OR PROCEEDING AT LAW.

An appeal does not lie from a judgment or order of the Circuit Court in an action or proceeding at law, and where such an appeal is attempted it will be dismissed.

This case was decided by Division A.

Appeal from Circuit Court for DeSoto county.

The facts in the case are stated in the opinion of the court.

*Isaac H. Trabue in pro per.*

No appearance for appellee.

PER CURIAM.—On the 26th of September, 1901, W. J. Williams filed a petition or motion in the Circuit Court of DeSoto county, Florida, stating substantially that on the 13th of May, 1894, he recovered a judgment against F. S. Pitt and W. A. Thompson under the firm name of Pitt & Thompson, for the sum of $228.35, and costs amounting to $18.55, which judgment is still due to him, Williams, by Pitt & Thompson; that they were both totally insolvent, and that he, Williams, is powerless to collect his judgment from said Pitt & Thompson.

The petitioner further states that there was an attachment bond given in the suit in which the judgment was obtained, and he, Williams, was principal on said bond, and on the 5th day of December, A. D. 1896, Pitt & Thompson recovered a judgment against Williams as principal, and H. A. Ware and J. A. Williams as sureties, on said attachment bond in the Circuit Court of DeSoto county, Florida, for the sum of $284, and that he, Williams, has offered and proposed to Pitt & Thompson to allow his judgment to be set-off against their judgment, as said judgments were about equal in value and amount, but that Pitt & Thompson will not consent to such a settlement, and will not pay the petitioner anything, but that they have levied upon property and now have the same advertised for sale on the 1st Monday in October, 1901, in order to collect their judg-

ment, and that if they are permitted to collect their judgment from him, petitioner is without remedy, and therefore moves the court to grant an order directing that the judgment herein mentioned in favor of this plaintiff be set-off against the judgment obtained by Pitt & Thompson, and an order be made that said judgments and the executions issued thereon be declared settled and satisfied. To this petition or motion is attached copies of the execution issued on both judgments referred to therein. On the 24th of October, 1901, Isaac H. Trabue filed a response to the said motion asking that it be quashed on several grounds, among them that the judgment of Pitt & Thompson against Williams was assigned to him on the 8th of February, 1896, which assignment was recorded on the 10th of February, 1896, and is filed as an exhibit; that he was the counsel of Pitt & Thompson in obtaining the judgment against Williams and had a first lien thereon, and that the same was assigned to him in consideration of his legal services, and alleging other matters not necessary to be stated.

On the 10th of February, 1902, the judge of the Circuit Court filed an order sustaining the motion of W. J. Williams, and ordering, adjudging and decreeing that the sheriff credit the execution issued against Williams with the amount of Williams' judgment against Pitt & Thompson and costs, and that the said judgments and executions be satisfied in that way.

From this order Isaac H. Trabue entered an appeal to this court which was recorded in the chancery order book of the records of the Circuit Court of DeSoto county, Florida.

It is evident that the foregoing preceedings were taken and had on the common law side of the Circuit Court of DeSoto county. There is nothing to indicate that it was a chancery preceeding. There is no bill, no parties are made, and no process prayed for. A chancery appeal, therefore, can not give this court jurisdiction of the questions at-

tempted to be presented and we can make no order except to dismiss the appeal. *Heebner v. Town of Orange City,* 44 Fla. 159, 32 South. Rep. 879. It is therefore ordered that the appeal be dismissed at the cost of the appellants.

TAYLOR, C. J., and HOCKER and SHACKLEFORD, JJ., concur.

CARTER, P. J., and MAXWELL and COCKRELL, JJ., concur in the opinion.