LUCINA AUGUSTA FINCH, AS ADMINISTRATRIX OF THE ESTATE OF OLIVER G. FINCH, DECEASED, *Plaintiff in Error,* v. R. E. BONAR, *Defendant in Error.*

Under section 1280, Revised Statutes, proceedings to review in the Supreme Court judgments of the Circuit Courts when acting as appellate courts in cases arising before judges of the

county courts in matters pertaining to their probate jurisdiction, must be by appeal governed by the law and rules regulating appeals in chancery, and not by writ of error.

This case was decided by Division B.

Writ of error to the Circuit Court for Marion county.

The facts in the case are stated in the opinion of the court.

*W. S. Bullock* for plaintiff in error.

*Richard McConathy* for defendant in error.

CARTER, P. J.—Plaintiff in error seeks by writ of error to reverse a judgment of the Circuit Court of Marion county which in an appellate proceeding affirmed an order of the county judge of that county made in a matter pertaining to his probate jurisdiction.

Section 1280, Revised Statutes, provides that "appeals from the county judge to the Circuit Court in matters pertaining to his probate jurisdiction and in the management of the estates of infants, and from the Circuit Court to the Supreme Court in such matters arising before the county judge, shall be governed in all respects by the law and rules regulating appeals in chancery."

Under section 5, article V, constitution of 1885, this court has jurisdiction to review judgments of the Circuit Courts when acting as appellate courts in cases arising before judges of the county courts in matters pertaining to their probate jurisdiction, but under the quoted section of the Revised Statutes the proceeding must be by appeal, governed by the law and rules regulating appeals in chancery, and not by writ of error. As no appeal was entered in this case, and the writ of error sued out does not lie, the proceeding must be dismissed, and it will be so ordered.

See *Grooms v. Wood,* 43 Fla. 50, 29 South. Rep. 445; *Heebner v. Town of Orange City,* 44 Fla. 159, 32 South. Rep. 879.

MAXWELL and COCKRELL, .JJ., concur.

TAYLOR, C. J., and SHACKLEFORD, J., concur in the opinion.

HOCKER, J., being disqualified, took no part in its consideration.