JOSEPH N. CLINTON, *Appellant,* v. WILLIAM A. COL-CLOUGH, *Appellee.*

The proceedings had in the circuit court upon an affidavit of the illegality of an execution authorized by the statute is a proceeding at law and not in equity, and can be reviewed by the supreme court by writ of error but not by an appeal, even though the execution alleged to be illegal was issued upon a deficiency decree in a mortgage foreclosure proceeding in equity.

This case was decided by Division A.

Appeal from the Circuit Court for Alachua County.

The facts in the case are stated in the opinion of the court.

*Robt. E. Davis* and *Ferdinand Bayer,* for appellant;

*W. S. Broome,* for appellee.

WHITFIELD, J.—On December 3rd, 1906, Joseph N. Clinton filed an affidavit in the circuit court for Alachua county under section 1624 *et seq.* of the General Statutes of Florida alleging the illegality of an execution

issued on a deficiency decree entered against said Clinton in a mortgage foreclosure proceedings in equity in the same court. Bond was given, a motion made by Colclough the plaintiff in execution to set the affidavit aside and to declare the execution legal, was granted by the court, and judgment was entered against Joseph N. Clinton the defendant in execution and the surety on the bond as provided by the statute. Joseph N. Clinton alone entered an appeal from the order declaring the execution to be legal and from the judgment entered against Clinton and the surety on the bond given in the proceedings on affidavit of illegality.

The proceeding taken by Clinton was not an application to the court from which the execution issued to control its own process. See Barnett v. Hickson, 52 Fla. 457, 41 South. Rep. 606; section 1625 General Statutes of Florida of 1906.

By special statutory provisions an affidavit of illegality and proceeding thereon may be had when the legality of an execution is thereby properly brought into question. The proceedings are purely statutory and are at law and not in equity. Even though the execution alleged to be illegal had issued upon a deficiency decree in a mortgage foreclosure proceeding in equity, the filing of an affidavit of illegality of the execution and the action of the court thereon constitute an original statutory proceeding at law and are not a continuation of the foreclosure proceedings in equity.

The only appeals allowed by the statutes from orders and judgments entered by the circuit courts and circuit judges are from decrees and orders in equity and probate causes. Secs. 1710, 1906 *et seq.* General Statutes of 1906; Finch v. Bonar, 46 Fla. 246, 35 South. Rep. 189; Montgomery v. Thomas, 40 Fla. 450, 25 South. Rep. 62.

Section 1690 of the General Statutes of 1906 provides that "all proceedings to procure review by an appellate court of the proceedings of a lower court in cases at law shall be by writ of error, except in cases where *certiorari* or prohibition shall lie, or where it shall be otherwise expressly provided." This case is not within any of the exceptions of the statute, and there is no other provision for reviewing the proceedings on affidavit of illegality of execution under the statute. This being so the only proper proceeding for reviewing the orders and judgments made under such special statutory provisions is by writ of error; Heebner v. Orange City, 44 Fla. 159, 32 South. Rep. 879; Trabue v. Williams, 46 Fla. 228, 35 South. Rep. 872.

As no writ of error appears to have been issued in this cause and as the appeal entered gives this court no jurisdiction of the cause, the appeal must be dismissed, and it is so ordered.

SHACKLEFORD, C. J., and COCKRELL, J., concur;

TAYLOR, HOCKER and PARKHILL, JJ., concur in the opinion.