VOL. 55, JANUARY TERM, 1908.    783

Jones et al. v. Escambia Land & M'fg. Co.—Opinion of Court.

M. B. JONES, *et al., Appellants,* v. THE ESCAMBIA LAND
AND MANUFACTURING COMPANY, *et al., Appellees.*

> When a proceeding is brought in the circuit court under sec-
> tions 1997, 1998 and 1999 of the General Statutes of 1906, to
> re-establish an alleged lost deed, the only method of obtaining
> a review in this court of the decision of the circuit court is by
> writ of error.

This case was decided by Division B.

Appeal from the Circuit Court for Santa Rosa
County.

The facts in the case are stated in the opinion of
the Court.

*Maxwell & Reeves,* for appellants;

*Avery & Avery* and *T. F. West,* for appellees.

HOCKER, J.—M. B. Jones, Josiah Jones, Alpeous
Jones, Margaret West, Eliza Polk, W. B. Polk,
Jefferson Jones, B. T. Jones, Mattie Botts and
J. W. Botts, filed a petition in the circuit court
of Santa Rosa county for the establishment of a lost
deed alleged to have been executed in 1833 by one
James Brewster, conveying certain lands to one Cleo-
patra Jones under and through whom the petitioners
claim. It is alleged in the petition that the petitioners
and the Escambia Land and Manufacturing Company,
M. Lindsey, W. B. Aycock, B. F. Williamson and J.
Earle Williamson, partners as Aycock & Williamson,
are the persons and only persons known to petitioners
interested for or against the re-establishment of said
paper. Notice to show cause was given by publication.
M. Lindsey answered the petition, denying upon in-
formation and belief the execution of the alleged deed,
and that it had been lost or destroyed. Testimony was

taken by agreement, and upon a hearing the circuit judge made an order in which he states that the testimony fails to establish the alleged lost deed and dismissed the petition at the cost of the petitioners. An appeal was taken from this order, which was entered in the chancery order book.

It is contended by the appellees that an appeal is not the proper method of bringing the case to this court for review.

This proceeding is evidently based on sections 1997, 1998 and 1999, of the General Statutes of 1906. This court has recently held in effect that proceedings to re-establish lost proceedings or papers *in a pending suit,* will be either *common law* or *chancery according to the character of the pending suit.* Florida Cent. R. Co. v. Bostwick, 53 Fla. 124, 44 South. Rep. 31; Florida Central & Western R. R. Co. v. Bostwick, decided at the present term. But it is established in other cases where statutory remedies are given, and it is not expressly provided that the method of reviewing orders made therein shall be by appeal—then the only manner of obtaining a review by this court is by writ of error. Clinton v. Colclough, 54 Fla. 520, 44 South. Rep. 878; Heebner v. Orange City, 44 Fla. 159, 32 South. Rep. 879.

In the case of Campbell v. Skinner Mfg. Co., 53 Fla. 632, 43 South. Rep. 874, the remedy by writ of error in such a case is recognized. The sections of the General Statutes referred to do not provide for a review of the orders of the circuit court by appeal, and therefore the appeal in the instant case must be dismissed. Montgomery v. Thomas, 40 Fla. 450, 25 South. Rep. 62; Trabue v. Williams, 46 Fla. 228, 35 South. Rep. 872.

TAYLOR and PARKHILL, JJ., concur;

SHACKLEFORD, C. J., COCKRELL and WHITFIELD, JJ., concur in the opinion.