SOUTH FLORIDA LUMBER & SUPPLY COMPANY, A CORPORA-TION, *Plaintiff in Error*, v. PAYTON R. READ, *Defendant in Error.*

## Opinion Filed Jan. 28, 1913.

1. Where a motion is made and granted, based upon Section 1625 of the General Statutes of 1906, for the stay of an execution and the suspension of proceedings thereon, even though such execution may have issued in an equity suit, the proper procedure to obtain a review of such ruling by an appellate court is by writ of error, and not by an appeal.

2. An appellate court will take judicial notice of its own opinions and also of its own records, so far as they appertain to the case before it for consideration, but will not take judicial notice in deciding one case of what may be contained in the record of another and distinct case, unless it be brought to the attention of the court by being made a part of the record in the case under consideration.

3. Upon an appeal in an equity case, where the entire decree is reversed by an appellate court, upon the going down of the mandate, the case stands as if there had been no decree, but this is true only where the entire decree is reversed.

4. Upon an appeal from a final decree in an equity case by L., upon whose described property the complainant is decreed to have a lien, the reversal of such decree can have no effect upon L's co-defendants, who did not enter any appeal from such decree and who were not parties before the appellate court. A personal judgment rendered and entered in such decree against such co-defendants who entered no appeal therefrom remains unaffected by such reversal, and stands undisturbed and in full force, and an execution may properly issue thereon.

Writ of error to the Circuit Court for DeSoto County.

Judgment reversed.

*H. K. Olliphant,* for Plaintiff in Error;

*C. C. Whitaker* and *W. F. Himes,* for Defendant in Error.

SHACKLEFORD, C. J.—The plaintiff in error here filed its bill in chancery in the Circuit Court for DeSoto County against P. R. Read, W. T. McCormick and E. L. Blood, doing business under the trm name of The P. R. Read Construction Company, and W. W. Langford, doing business under the firm name of Simmons, Langford & Company. The following final decree was rendered in such cause:

"This cause coming on for final hearing upon the evidence as reported by the master to the court between the complainant and Simmons, Langford & Company, one of the defendants, a decree pro confesso having been duly taken and entered against the other defendants, and, upon considering the evidence so taken and reported by the master, the court finds that the equities are in favor of the complainant, as follows:

That P. R. Read and W. T. McCormick and E. L. Blood, doing business as the P. R. Read Construction Company, are indebted to the complainant herein in the sum of $1,868.50, with interest thereon from August 2nd, 1907, at eight per cent per annum, aggregating $2,532.22; that said company assumed the contract which complainant had with P. R. Read; and that the complainant gave to the defendant, W. W. Langford, doing business as Simmons, Langford & Company, due notice of its claim against the P. R. Read Construction Company, and that at the time of giving said notice by the said complainant the said Simmons, Langford & Company were indebted to the said P. R. Read Construction Company in a sum of money in excess to the amount due by the P. R. Read Construction Company to the complainant; and that the

complainant has a lien against the following property, to-wit: Lots A, B and C and the east half of Lot F of the subdivision of Lots 1, 2 and 3 of Block Four (4) of the original survey of the town of Arcadia, Florida, with all the improvements thereon, the said property being the property of the said Simmons, Langford & Company, at the time of the giving of the said notice by the complainant to the said Simmons, Langford & Company, for the indebtedness so due to the complainant by the P. R. Read Construction Company. and that a reasonable attorneys' fee for complainant for enforcing said lien is $253.00;

It is thereupon ordered, adjudged and decreed that the complainant, the South Florida Lumber & Supply Company, a corporation aforesaid, do have and recover of and from P. R. Read, W. T. McCormick and E. L. Blood, doing business under the firm name of P. R. Read Construction Company, the sum of twenty-five hundred thirty-two and 89/100 dollars as principal and interest, and the sum of two hundred and fifty-three dollars as attorney's fee for the complainant, and all the costs of suit in this case, the same to be assessed by the clerk of said court.

It is also further ordered, adjudged and decreed that the complainant do have and recover of and from W. W. Langford, doing business as Simmons, Langford & Company, the sum of twenty-five hundred thirty-two and 82/100 dollars as principal and interest and the sum of two hundred and fifty-three dollars as an attorney's fee for the complainant, and all the cost of this suit, the same to be assessed by the clerk of this court.

It is also further ordered, adjudged and decreed that in default of the payment of said sums of money by the P. R. Read Construction Company or the said Simmons,

Langford & Company, within five days from the date of
this decree, the said complainant may enforce its lien
against said real estate as above described herein and
sell the same at public sale as is provided by law, for the
purpose of enforcing and executing the above decree
against said real estate; that W. E. Leitner is hereby ap-
pointed a master of this court for the purpose of exe-
cuting said decree, and upon his selling said property
to make a report of sale of the same to this court.

Done and ordered this 12th day of January, 1912, at
Bartow, Florida, at chambers."

From this decree Langford alone entered his appeal
to this court and we rendered an opinion therein, which
is reported in 63 Fla. 484, 59 South. Rep. 12, as Lang-
ford, v. South Florida Lumber & Supply Company. As
a reference to such opinion will show we reversed such
decree as to Langford, upon the grounds and for the rea-
sons therein stated, but we said nothing as to that part
of the decree, wherein it was "ordered, adjudged and
decreed that the complainant, the South Florida Lum-
ber & Supply Company, a corporation aforesaid, do have
and recover of and from P. R. Read, W. T. McCormick
and E. L. Blood, doing business under the firm name of
P. R. Read Construction Company, the sum of twenty-
five hundred thirty-two and 89/100 dollars, as princi-
pal and interest, and the sum of two hundred and fifty-
three dollars as attorney's fee for the complainant, and
all the costs of suit in this case, the same to be assessed
by the clerk of said court," such parties defendant not
being before this court or seeking to have the decree re-
versed as to them. On the 23rd day of July, 1912, after
the going down of the mandate from this court in such
cause, the plaintiff in error here caused an execution to
be issued upon such decree against P. R. Read, W. T. Mc-

Cormick and E. L. Blood for the amount so adjudged against them therein.   P. R. Read, the defendant in error here, thereupon filed his motion, under the provisions of Section 1625 of the General Statutes of 1906, for a stay of the execution and the suspension of proceedings thereon.   We do not deem it necessary to copy the motion. It is sufficient to say that it questioned the authority of the clerk to issue the execution because this court had reversed the decree upon which the same was based. The Circuit Judge, on the 9th day of October, 1912, made and rendered his judgment and order, granting such motion, staying the execution and suspending all proceedings thereon.   This judgment the plaintiff seeks to have reviewed here by writ of error.   The defendant in error sought to have the writ of error dismissed upon the ground that writ of error would not lie in such a case, an appeal being the proper remedy.   This motion was denied on the 17th of December, 1912, without an opinion, and, as the defendant in error seems at a loss to understand upon what grounds our decision was based, we would refer to our holding in Clinton v. Colclough, 54 Fla. 520, 44 South Rep 878, and Hayes v. Frohock, 56 Fla. 794, 47 South. Rep. 343, which would seem to be decisive of the point.   It is also contended here that certain irregularities appear in connection with the bill of exceptions, but we shall pass this point.   Strictly speaking, we doubt if any bill of exceptions was really necessary to raise the points sought to be presented by the writ of error, as no matters *in pais* are brought in question.   As we held in Capital City Bank v. Hilson, 64 Fla. 206, 60 South. Rep. 189, "An appellate court will take judicial notice of its own opinions and also of its own records, so far as they appertain to the case before it for consideration, but will not take judicial notice in de-

ciding one case of what may be contained in the record of another and distinct case, unless it be brought to the attention of the court by being made a part of the record of the case under consideration." See also Mc-Nish v. State, 47 Fla. 69, 36 South. Rep. 176, and McKinnon v. Johnson, 57 Fla. 120, 48 South. Rep. 910.

We now approach the main contention of the defendant in error that our opinion rendered in Langford v. South Florida Lumber & Supply Company, *supra,* wherein we reversed the decree as to Langford, is decisive of the point which is presented here upon this writ of error. To this contention we cannot agree. If we had reversed the entire decree, it would have undoubtedly left the case as if there had been no decree, as the defendant in error contends. See our holding and reasoning in Capital City Bank v. Hilson, *supra.* But we did not reverse the entire decree, nor could we have done so, as the defendants other than Langford were not before us. We did not undertake to disturb or interfere with that portion of the decree which gives a judgment against the defendant in error. As to him and his co-partners the decree remains in full force and stands unreversed. This being true, the execution as issued thereon against Read and his copartners was properly issued, and the trial court erred in directing a stay of such execution and suspending all proceedings thereon. What we have said is sufficient for a proper disposition of the case. We would refer also to Macfarlane v. Southern Lumber & Supply Co., 47 Fla. 271, 36 South. Rep. 1029.

Judgment reversed.

TAYLOR, COCKRELL, HOCKER AND WHITFIELD, J. J., concur.