WRENS INVESTMENT CORPORATION, a corporation, *Appellant*, vs. ERNEST AMOS, as Comptroller, et al, *Appellees*.

144 So. 680.

Opinion filed November 25, 1932.

*L. R. Milton,* for Appellant;

*Milam, McIlvaine & Milam,* and *Walter F. Rogers,* for Appellees.

PER CURIAM.—It appears from the transcript filed herein that in July, 1929, Joseph R. Dunn was appointed by the State Comptroller and confirmed by a Circuit Judge as statutory receiver of the Peoples Bank of Jacksonville, an insolvent bank under the laws of the State; that on September 1, 1932, the receiver with the approval of the State Comptroller, as provided by statute, petitioned the Circuit Judge for authority to sell stated assets of the insolvent bank and ''that he be authorized to reject any and all bids that to him seem unfair, submitting his action in the premises to the court for confirmation,'' The Circuit Judge authorized the sale and ordered the receiver to ''promptly and forthwith after said sale report to this court its acts and doings in the premises consistent with this order for confirmation or rejection.''

The transcript contains a petition of Wrens Investment

Corporation stating facts relative to a sale by the receiver of assets of the insolvent bank under the above order, and alleging that "petitioner bid nine thousand seven hundred and seventy-five ($9,775.00) dollars cash for said assets, which was the highest and best bid for said assets, and said assets were struck off to your petitioner as the highest and best bidder;" that no objection whatever was interposed to said bid by said Receiver at the time of said sale. However, after the assets were struck off to your petitioner; it was stated on behalf of said Receiver that said bid would be submitted to the Comptroller for his consideration and approval or rejection, and also to this Court for its approval or rejection."

The petitioner prayed:

"That an order be made confirming said sale and authorizing and instructing the said Receiver to transfer said assets to your petitioner, upon the payment of the bid, namely, Nine Thousand Seven Hundred and Seventy-five ($9,775.00) Dollars."

There is also a report of the receiver that he accepted the "bid of Wrens Investment Corporation in the sum of $9,775.00 as the highest bid and because said bid was better in amount than the aggregate for all portions of the assets offered separately, disregarded all other bids and announced at such sale that the said bid of Wrens Investment Corporation in the sum of $9,775.00 being the highest bid offered, would be taken as the best and highest bid resulting from said public offering of said assets, and carefully announced to that bidder as well as all others interested in said sale, that said bid was not accepted but would be certified to the Comptroller of the State of Florida and to this Court for appropriate orders and directions concerning the same;

"That your petitioner as Receiver has duly reported said public offering of said assets to the Hon. Ernest Amos, Comptroller of the State of Florida, at Tallahassee, Florida,

with the Receiver's recommendation that all bids offered and received for the assets of Peoples Bank of Jacksonville remaining in the Receiver's hands for administration and offered at sale be rejected as unfair and inadequate, and that the Comptroller, by endorsement of this your Receiver's petition, joins in the Receiver's report to this Honorable Court pronouncing all of such bids including that of Wrens Investment Corporation in the sum of $9,-775.00, be rejected as unfair and inadequate;

"Wherefore, the Receiver, your petitioner, respectfully petitions this court for an order and direction in said cause and recommends that an order be made directing him as Receiver to reject any and all of the said bids, including that of Wrens Investment Corporation, and thereafter to proceed with the administration of said estate."

Attached to the report of the Receiver is the following:

"I, ERNEST AMOS, Comptroller of the State of Florida, being advised in the premises, join in the recommendations of the petitioner as Receiver, that all bids including that of Wrens Investment Corporation in the sum of $9,775.00, offered for the remaining assets of the Peoples Bank of Jacksonville, be rejected as unfair and inadequate, and respectfully petition the Court for an appropriate order authorizing the rejection of such bids."

The Circuit Judge made the following order:

"This cause coming on to be heard on report of Joseph R. Dunn, Receiver of Peoples Bank of Jacksonville, of the offering and attempted sale of the remaining assets of said Peoples Bank held by him on October 3rd, 1932, pursuant to notice; and the Court being advised in the premises and advised of the recommendation of the Receiver as well as the Comptroller that any and all bids be rejected; and the highest bidder, Wrens Investment Corporation, being represented by counsel and having been heard in the premises: It is, upon consideration thereof, ordered and decreed that said sale be not confirmed and that the Receiver reject all bids, including

that of Wrens Investment Corporation, as unfair and inadequate."

An "entry of appeal and notice thereof" was filed in the circuit court by Wrens Investment Corporation addressed to the order of the Circuit Judge refusing to confirm the sale.

The proceedings had before the Circuit Judge for authorizing a sale and for the confirmation or rejection of the sale of the assets of the insolvent bank, are statutory and are not inherent or statutory equity causes; and even if an appeal is a proper method to review a final order in such proceedings, (see Amos v. Conkling, 99 Fla. 206, 126 So. 283; Heebner v. Orange City, 44 Fla. 159, 32 So. 879; Clinton v. Colclough, 54 Fla. 520, 44 So. 787; Jones vs. Escambia Land & Mfg. Co., 55 Fla. 783, 46 So. 290.) there is no merit in the contention of the Wrens Investment Corporation for a review of the order of the Circuit Judge refusing to confirm a sale on its bid, because the bid was made subject to confirmation or rejection by the Circuit Judge and confirmation of petitioner's bid was denied by the Circuit Judge, "as unfair and inadequate." There is nothing presented in the transcript that is sufficient to overcome the legal effect of the order of the Circuit Judge as made under his statutory powers in the premises.

The appeal is dismissed.

WHITFIELD, P.J., AND TERRELL AND DAVIS, J.J., concur.

BROWN, J., concurs in the opinion and judgment.

Filed under Rule 21A.