H. H. BASKIN, as Mayor-Commissioner, *et al.*, v. A. M. KLEMM, a widow

160 So. 509.
Division B.
No. 7471.   Law.
Opinion Filed March 6, 1935.
Rehearing Denied March 22, 1935.

*John C. Polhill* and *Jones & White,* for Plaintiffs in Error;

*Touchton & Crittenden,* for Defendant in Error.

BUFORD, J.—This is the second appearance of this case here. See State, *ex rel.* Baskin, v. Klemm, 111 Fla. 667, 150 Sou. 517. In that opinion and judgment we held that the Relator was entitled to the relief prayed although the time for performance under the command of the alternative writ had expired and there we said:

"In the present case the relief sought may be accomplished by the amendment of the alternative writ and the issuance of a peremptory writ thereon, so as to require the respondent to raise the funds in controversy in a current budget, that we have held should have been included in the 1921-1932 budget, since the duty involved is a continuing one and the right to its enforcement has not been lost because of the time consumed in the appellate proceedings."

When the mandate went down the alternative writ was amended as suggested and newly elected and qualified municipal officers were substituted in place of those whose terms of office had expired. Respondent then with the consent of the court filed a new return sought to set up facts showing the depressed financial condition of the municipality and the volume of its obligations as the basis for a prayer that the required levy be spread over a period of years instead of it being required that the entire levy be made in one current year. The lower court properly held that the judgment of the Supreme Court required the levy to be ordered made in one current year. The return was insufficient as it stated no facts in bar of judgment. Treat v. State, *ex rel*. Dann, opinion filed at this term of this court.

The former writ of error in this case was to review a final judgment entered on the merits and, therefore, the opinion and judgment rendered by this Court became a judgment of this Court on the merits and the Circuit Court was without jurisdiction to change that judgment without first having permission of this Court to so change or modify its judgment.

And so it is that the judgment must be affirmed. In affirming the judgment, however, we do so without prejudice to the respondents making application for, and with permission to the court below to consider and make appropriate orders on, such application to spread the levy to be made over a term of two or more years.

In State, *ex rel* Taliaferro, v. Baskin, 113 Fla. 115, 151 Sou. 421, we said:

"In view of the circumstance that one levy for the entire claim has heretofore proved uncollectible, leave is given to the respondents to propose to this court a reasonable plan for so spreading the tax requirements necessary to be pro-

vided in obedience to the temporary writ for meeting the past accumulated unpaid principal and interest coupons, that reasonable installments of such accumulated unpaid principal and interest coupons, together with current interest requirements on relator's bonds, will annually be provided hereafter to discharge relator's claim in due course, in accordance with the statute under which it was incurred and the obligation of the City of Clearwater's contract in the premises. See State, *ex rel.* Gillespie, v. County of Bay (Fla.) 151 So. 10, opinion filed November 13, 1933."

And, in passing upon petition for rehearing, we said:

"A return to an alternative writ of mandamus, in order to be sufficient, must be one of two things: (1) It must traverse the material allegations of the writ to such extent, as to show that, with the traversed facts unproved the alternative writ should not be made peremptory; (2) the return must confess the allegations of the writ and set up some new matter sufficient in itself to bar the right to a peremptory writ."

In State, *ex rel.* Gillespie, *et al.,* v. County of Bay, 112 Fla. 687, 151 Sou. 10, we said:

"The statutory obligation of the county remains even though taxes to meet payments on the bonds are not levied annually as required by the statutes. The officials have failed to levy the required tax for several years and the relators have not promptly sought to enforce the statutory duty. Defaulted amounts having accumulated, the tax burden in the county with a very large bonded debt and a relatively small taxing resource, is now unduly heavy. Taxes to pay interest for the years 1933 and 1934 may reasonably be levied. But levies for unpaid interest for prior years could reasonably be levied in part only during the present and succeeding years together with levies for

current interest payments in each year. This would greatly relieve the present tax burden and would not jeopardize the relator's rights, but might enable them to obtain larger payments during the years while the county is recovering from the general and unusual financial depression that now so seriously affects it in common with other communities that are even more favorably conditioned."

That the Court has the power to order a spread of the levy in a case of this kind is because the peremptory writ of mandamus partakes of the nature of both a judgment and an execution and it is elementary that except where precluded by statute or fixed legal principles to the contrary, courts may reasonably control the execution of their respective judgments. For the reasons just stated, the courts may direct within reasonable limits the manner of the levy of a tax sought for the purpose of producing funds to discharge bonds and interest coupons which may become in default when they could exercise no such discretion as to a levy sought for the purpose of producing funds to meet current or anticipated maturities. There is no statute or fixed legal principle which requires the levies, sought to discharge such obligations which are then already in default, to be made in a single year. The statutes do contemplate and require levies for current maturities to be made in such current year.

Should such application be made to the court below and the court favorably consider the same, leave is hereby granted to the Circuit Court to require the modification of the amended alternative writ so as to provide for such spread of the levy contemplated as to the court may appear to be in accordance with the law as enunciated by this Court in the cases above referred to (See City of Bradenton v.

State, *ex rel.* Berry, filed at this Term of this Court, wherein we said:

"The mandate of an alternative writ of mandamus is peculiarly within the control of the court, and the court may fashion it to suit the case made in the petition. The alternative writ is, therefore, not required to be strictly conformed to the petition, as is the peremptory writ to the alternative writ, but on the information disclosed by the petition the court may mould the alternative writ or direct it to be moulded to the case presented. State v. White Oak R. Co., 65 W. Va. 15, 64 S. E. Rep. 630, 28 L. R. A. (N. S.) 1013; State, *ex rel.* Dox v. Board of Equalization of Johnson County, 10 Ia. 157, 74 Am. Dec. 381."

Provided, however, that the action of the Circuit Court, if it should take such action, in spreading the levy may be subject to review by this Court on writ of error sued out by either party.

Judgment affirmed, and cause remanded to the court below for further proceedings not inconsistent with the views herein expressed.

ELLIS, P. J., and TERRELL, J., concur.

WHITFIELD, C. J., and BROWN and DAVIS, J. J., concur in the opinion and judgment.