Lillie Whidden, as Administratrix of the Estate of T. G. Albritton, deceased, v. Vastia Abbott, *et al.*

160 So. 475.
Opinion Filed April 4, 1935.
Rehearing Denied April 13, 1935.

26

*W. W. Whitehurst,* for Appellant;
*Leitner & Leitner,* for Appellees.

DAVIS, J.—This is a motion to dismiss an appeal brought to this Court for the purpose of reviewing a Circuit Court adjudication rendered in the statutory proceedings provided for by Section 5630 C. G. L., 3757 R. G. S., providing for the obtaining of possession of real estate to pay debts and charges against insolvent decedents' estates. The contention is that whatever appellate proceedings are permissible in the case must be pursued solely by writ of error and not by appeal. See Jones v. Escambia Land & Mtg. Co., 55 Fla. 783, 46 Sou. Rep. 290; Clinton v. Colclough, 54 Fla. 520, 44 Sou. Rep. 878; Heebner v. Orange City, 44 Fla. 159, 32 Sou. Rep. 879.

Our conclusion is that the matter sought to be reviewed is in contemplation of law an appeal in a matter pertaining to the probate jurisdiction of the County Judge over which the Circuit Court may exercise its supervisory as well as appellate powers in proper çases.

While it is true that the present cause was instituted directly in the Circuit Court in the first instance, it was nevertheless a *controversy* within the potential original probate jurisdiction of the County Judge and is therefore within the contemplation of Section 4642 C. G. L., 2923 R. G. S., a probate proceeding that should be taken from the Circuit Court to the Supreme Court according to the law and rules regulating appeals in Chancery. Especially does this appear to be a sound proposition of appellate juris-

diction when it is considered that an appeal is a process of civil law origin that entirely removes the cause to an appellate court, subjecting the facts as well as the law, to review and retrial in the latter tribunal, whereas a writ of error is a process of common law origin and removes nothing to the appellate court for re-examination except the law. Dower v. Richards, 151 U. S. 658, 14 Sup. Ct. Rep. 452, 38 L. Ed. 305, and cases cited .

Had the present proceeding under Section 5630 C. G. L., *supra*, been instituted in the first instance in the Court of the County Judge, as it might lawfully have been under the statute, then it would have properly come here on appeal and not by writ of error, in accordance with Section 4642 C. G. L., *supra*. We therefore reach the conclusion that whether a cause under Section 5630 C. G. L., *supra*, is originally brought in the County Judge's Court or in the Circuit Court it becomes reviewable in the Supreme Court on appeal from the Circuit Court, and not by writ of error, in view of the equitable nature of subject matter and the consequences that would follow the adherence to two diverse methods of procedure if the rule were declared otherwise.

We think that the Legislature intended probate matters arising under Section 5630 C. G. L., *supra*, to come to the Supreme Court on appeal rather than by writ of error, as evidenced by the intendments of Section 4642 C. G. L., *supra*.

Motion to dismiss appeal denied.

WHITFIELD, C. J., and ELLIS, TERRELL, BROWN and BUFORD, J. J., concur.