CITY OF SARASOTA, *et al.,* v. STATE, *ex rel.* R. W. EVANS.

172 So. 728.

Opinion Filed February 16, 1937.

*Harrison E. Barringer* and *J. Velma Keen,* for Plaintiffs in Error;

*Evans & Glenn,* for Defendant in Error.

BROWN, J.—During the preceding term of this Court, the June Term, 1936, this Court affirmed the judgment of the Circuit Court for Sarasota County in a mandamus proceeding wherein a peremptory writ had been granted requiring the entire levy in one current year of a tax sufficient to pay the relator's past-due bonds, and mandate went down in due course. After the dismissal of an injunction which had been granted by the United States Court, the relator applied to the Circuit Court for Sarasota County for an order putting into effect the mandate above mentioned. Shortly thereafter, on January 8, 1937, and before the ex-

piration of the term of this Court during which said mandate had issued, the City of Sarasota, respondent in the court below and plaintiff in error here, filed a motion in this Court praying this Court to recall the mandate heretofore issued and, in the light of new circumstances therein set out, to amend said mandate so as to permit the lower court to consider the facts set forth in the motion and such other facts as might be pertinent thereto and thereupon grant relator a spread of said levy over a period of years in putting into effect the mandate of this Court if the spread of said levy appears to said Circuit Court to be appropriate under the circumstances.

This Court made an order continuing and carrying over into this term the matter presented by said motion and within a few days after the beginning of this, the January Term, 1937, of this Court, plaintiff in error amended said motion by adding to the first paragraph thereof the additional allegation, "that the bonds of the relator bear interest after maturity;" and by adding to the prayer the following words: "Or to amend said mandate so as to permit the Circuit Court for Sarasota County, Florida, to consider and determine whether or not it shall issue the peremptory writ and stay its enforcement for a reasonable time until said Circuit Court can determine whether the refunding operations of the City of Sarasota can be successfully carried out to the advantage of all concerned."

Defendant in error filed a motion to dismiss the motion above referred to upon the ground that this Court had lost jurisdiction and had no power to grant the prayer of the motion and also for the reason that the motion does not seek to remedy an error or correct a mistake in the mandate, but on the contrary seeks to inject new matter not heretofore considered, and for other reasons which might

more properly be addressed to the lower court when and if application is made to said court in accordance with our disposition of this motion. Said motion to dismiss will be denied.

We do not deem it necessary to recall the mandate. We have the power, without recalling the mandate, to permit the Circuit Court for Sarasota County to entertain and determine whether or not it shall stay the enforcement of the peremptory writ awarded in accordance with the mandate from this Court for a reasonable time until said Circuit Court can determine whether the refunding operations of the City of Sarasota can be successfully carried out to the advantage of all concerned, retaining jurisdiction on its docket for such further appropriate order in the premises as law and justice may require; such additional order or orders to be subject of course to review by this Court if duly appealed from.

As was said by Mr. Justice BUFORD in the case of Baskin v. Klemm, 118 Fla. 757, 160 So. 509:

"The former writ of error in this case was to review a final judgment entered on the merits and, therefore, the opinion and judgment rendered by this Court became a judgment of this Court on the merits and the circuit court was without jurisdiction to change that judgment without first having permission of this Court to so change or modify its judgment.

"And so it is that the judgment must be affirmed. In affirming the judgment, however, we do so without prejudice to the respondents making application for, and with permission to the court below to consider and make appropriate orders on, such application to spread the levy to be made over a term of two or more years. * * * .

"That the Court has the power to order a spread of the

levy in a case of this kind is because the peremptory writ of mandamus partakes of the nature of both a judgment and an execution and it is elementary that except where precluded by statute or fixed legal principles to the contrary courts may reasonably control the execution of their respective judgments."

We think the allegations of this motion filed by the City of Sarasota in this case brings it within the principles laid down in Baskin v. Klemm, *supra,* and State, *ex rel.* Bottome, v. City of St. Petersburg, 170 So. 730, 126 Fla. 230. As in the latter case, so here, the bonds sued on bear interest at the contract rate until paid, which means that such bonds bear interest after maturity as well as before. In this case it is alleged that:

"During the pendency of said proceedings in the United States District Court for the Southern District of Florida and since the dismissal thereof, City of Sarasota has made definite and considerable progress toward the readjustment of its bonded indebtedness and the refunding thereof; that the principal amount of the bonded indebtedness of City of Sarasota is in excess of $5,000,000.00, of which approximately one-half has matured; that interest in excess of $1,150,000.00 has accrued on said debt and remains unpaid; that in addition thereto judgments on bonds have been recovered against City of Sarasota aggregating approximately $300,000.00, on which interest in excess of $75,000.00 has accrued; that bonds of City of Sarasota of the principal amount of $282,000.00, and interest coupons of the approximate amount of $131,-000.000 will mature during the fiscal year 1936-1937; that in addition thereto interest in the amount of approximately $150,000.00 will accrue during the fiscal year 1936-1937 on bonds which have heretofore matured; that the

grand total of the defaulted debt of City of Sarasota, judgments and interest thereon plus the amount of bonds and interest which will mature during the fiscal year 1936-1937 is $4,576,000.00; that the assessed valuation of all taxable property within the limits of said City is approximately $10,200,000.00; that the bonded indebtedness of the County of Sarasota is approximately $5,250,000.00; and that property lying within the City of Sarasota is liable for better than 50% of the bonded indebtedness of said County; that the indebtedness of Board of Public Instruction of County of Sarasota on account of bonds of School District No. 1 is approximately $700,000.00 and property lying within the limits of said City is liable for approximately 90% of such indebtedness; that according to the State census of 1935 the population of the City of Sarasota is approximately 9,800 people; that the owners of approximately 80% of the bonded indebtedness of City of Sarasota have agreed to the refunding of such debt, under the terms of which agreement refunding bonds will be issued to mature thirty years from their date and to bear interest starting at one per centum per annum for the first four years and graduating upward until the twentieth year, five per centum is reached; that the ability of the City to consummate such agreement depends almost entirely upon the acceptance of the terms of such agreement by the holders of its bonds who have not yet consented to such refunding and to the ability of City of Sarasota to maintain a reasonable rate of taxation; that in October, 1936, City of Sarasota was ordered by peremptory writ of mandamus issued by the Circuit Court for Sarasota County to levy a special tax for the fiscal year 1936-1937 for the purpose of paying interest accruing during said fiscal year on the bonds of John S. Harris and others in the amount of $110,855.00, and that pursuant to such

peremptory writ City of Sarasota has levied twelve mills for such purpose; that City of Sarasota has levied a tax of sixteen mills to raise funds to operate said City for said fiscal year; that if City of Sarasota is required to levy an additional tax to pay relator's bonds in one year the refunding plans and agreement aforementioned will be jeopardized, if not defeated, especially in view of the fact that other litigation of similar nature is pending and is threatened; that the levy of the millage sought by relator herein in one year will seriously impair, if not destroy, the ability of City of Sarasota to collect taxes for the current fiscal year, not only to the detriment of City of Sarasota, but to the detriment of the holders of its bonds, including the relator herein."

Even if it be conceded for the sake of argument that this Court has lost jurisdiction in so far as allowing any change in the judgment awarding the peremptory writ, which this Court affirmed during the preceding term is concerned, which would doubtless have been the case if this motion had not been filed during such preceding term and continued over until this term, there can be little doubt of the jurisdiction and power of this Court, without recalling the mandate, to permit the lower court to entertain and act upon a motion to stay the issuance or enforcement of the peremptory writ of mandamus authorized and awarded by the judgment so affirmed. Indeed, it is in effect stated in the case of Baskin v. Klemm, *supra*, that this Court could, at least under the circumstances pointed out in that case, permit the trial court to change or modify its judgment in such a way as to spread the levy over a period of years instead of confining the entire levy to one year. There, of course, the case was properly before this Court on writ of error for the second time and what is said therein must be read

in the light of the situation there presented. There is a marked distinction between modifying or changing a judgment and staying its enforcement. The trial court would have the power upon proper application to stay the execution or enforcement of its judgment without the permission of this Court, under well settled legal principles pertaining to the power of all courts over the enforcement of their own judgments (23 C. J. 521) were it not for the fact that the judgment of the court below awarding the peremptory writ, after an affirmance by this Court, also became the judgment of this Court, and it is for this reason that plaintiff in error has prayed this Court to grant its permission to apply to the lower court to stay the enforcement of said judgment. In the case of Washington v. State, 92 Fla. 740, 110 So. 259, it was said:

"The question with which we are concerned here is whether or not this Court should attempt to recall its mandate and reassume jurisdiction of a cause long after the expiration of the term. That it should not, and cannot, do so, is a principle not only recognized by our own former decisions, but by the great weight of authority in this country. In addition to the cases cited in 4 C. J., pages 1244 to 1248, above referred to, we call attention to the well considered case of Ott v. Boring, 131 Wis. 472, 11 Anno. Cas. 857, and note on pages 865 to 870. See also Lovett v. State, 29 Fla. 384, 11 So. 176; Brown v. State, 20 Fla. 494, 11 So. 181.

"However, this does not prevent the Court from making an order permitting a judgment of a lower court which has been affirmed by it at a previous term to be attacked and, if proper grounds be shown, set aside, in such lower court, by some appropriate method recognized by the law.

"In the case of Bloxham v. F. C. & P. R. Co., 39 Fla.

243, 22 So. 697, the principle is clearly enunciated, that this Court has the power, on an independent petition filed for that purpose, after a mandate on a former appeal had been issued and lodged in the lower court and a judgment entered thereon, at a previous term, to grant leave to one of the parties to apply to such lower court for permission to file a bill of review, or supplemental bill in the nature of a bill of review, in pursuance of an effort, by reason of new matter, to obtain a change or modification of the decree which had been rendered by the lower court and affirmed by this Court. It was held, however, that such leave should not be granted as a matter of course, but only in the exercise of a sound discretion, when it appears that good and sufficient grounds exist for filing such bill and where the application is made on the ground of newly-discovered matter. The same principle applies, in the main, to the situation now before us."

In the very able opinion of Mr. Justice DAVIS in the recent case of State, *ex rel.* Bottome, v. City of St. Petersburg, *supra,* which was a case of original jurisdiction in this Court, it was said:

"While the issuance of a peremptory writ of mandamus in a case like the present to enforce the payment of a matured municipal bond obligation that has been issued under a statute entitling the holder of that obligation to resort to the process of law to have performed a statutory duty on the part of the municipal officials to provide means for paying the same, is a matter of ordinary legal right, and is not discretionary in the court to altogether deny or refuse, yet a proceeding in mandamus is equitable in its nature, and such a writ may be controlled according to equitable principles. Thus the enforcement of a peremptory writ of mandamus may be modified or postponed in particular circum-

stances when the carrying it out according to the strict letter of its commands will be of no great advantage to the relator, but will tend to work a serious public mischief, or result in irreparable injury or embarrassment in the orderly functions of the government with regard to its fiscal affairs, unless so restricted. City of Asbury Park v. Christmas (C. C. A.) 78 F. (ed) 1003, certiorari denied U. S., *ex rel.* Christmas, v. City of Asbury Park, 296 U. S. 624, 56 S. Ct. 147, 80 L. Ed. 443; State, *ex rel.* Gillespie, v. County of Bay, 112 Fla. 687, 151 So. 10. Compare State, *ex rel.* Dos Amigos, Inc., v. Lehman, 100 Fla. 1313, 131 So. 533."

It has long been the opinion of Mr. Chief Justice ELLIS and the writer that like equitable consideration should also govern in the allowance of the alternative writ in the first instance. And there is respectable authority to that effect. See the dissenting opinion in State, *ex rel.* Buckwalter, v. City of Lakeland, 112 Fla. 200, 150 So. 508.

The opinion in the Bottome case, above quoted from, concludes as follows:

"In the present case the respondents have duly set up such showing of *definite* and *certain bona fide* undertaking on their part to refund in the near future the city's obligations as a whole, including those owed to relator, that in equity and good conscience the peremptory writ applied for in this case, although awarded and adjudged to issue to relator as a matter of strict legal right, should nevertheless be presently stayed in its enforcement for such reasonable period of time as will enable this Court to be definitely advised whether or not the refunding operations that have already been contracted for and begun, can be successfully concluded to the advantage of all concerned, or be frustrated and fail. See City of Asbury Park v. Christmas (C. C. A.) 78 (2d) 1003, *supra.*

"It is accordingly ordered and adjudged that relator is entitled to and is hereby awarded a peremptory writ of mandamus herein, in manner and form consistent with the alternative writ of mandamus, as amended, but that the issuance and service of such peremptory writ of mandamus be and the same is hereby stayed and arrested until the further order of this Court; this Court retaining jurisdiction of this proceeding on its docket for such further appropriate order in the premises as may be consistent with law and justice, the costs of this proceeding to be taxed against and paid by the respondents herein."

In so far as the motion as amended prays that this Court shall permit the Circuit Court for Sarasota County to determine, upon proper application, whether or not it shall stay the issuance or enforcement of the peremptory writ of mandamus, heretofore authorized and awarded by the judgment of said court, for a reasonable time, until said Circuit Court can determine whether the refunding operations of said City can be successfully carried out to the advantage of the relator and all others concerned, the same will be granted; and should the Circuit Court after due hearing and consideration, grant such a motion, it shall retain jurisdiction of the cause on its docket for such further appropriate orders in regard to the proper enforcement of said judgment as may be consistent with law and justice.

It is so ordered.

ELLIS, C. J., and TERRELL, WHITFIELD and BUFORD, J. J., concur.

DAVIS, J., dissents.

DAVIS, J. (dissenting).—What we are asked to do in this case is to grant permission to the Circuit Court to entertain the equivalent of a Wilcox Bill proceeding in the State court subsequent to the rendition of judgment upon a solemn con-

tract as to which this Court has adjudged no defense exists. The United States Supreme Court having declared the U. S. Wilcox Act unconstitutional and thereby left the creditors of the City of Sarasota to their remedies at law, this Court is presumptuous, to say the least of it, in assuming to supply the obstruction and delay asked for that such Federal bankruptcy legislation was found incompetent to award. The relators' judgment was obtained at a time when no refunding proceedings were in progress. Stay of execution or a spread of levy is without authority of law because such propositions must be founded on matters made to appear of record at the time the peremptory writ is applied for, and must be capable of review on writ of error to the final judgment in the case. What is being done now is to divide each mandamus case into two phases: (1) the contest on the merits; (2) a contest on whether or not the relator's judgment shall avail him anything, even after it is affirmed. I am unable to find any support for such judicial solecism. I also think we are committing an injustice in now granting relief in this case that we only a short while ago denied to the City of Bradenton on a similar application and have repeatedly denied to other cities in this State on equally meritorious applications, because not applied for within legal time, or in proper form to be granted.