Eminent domain proceeding by Dade County, a political subdivision of the State of Florida, against E.F.P. Brigham and others, wherein judgment for costs was entered against plaintiff. From an order denying motion for stay of execution on judgment for costs, plaintiff appeals, and defendants move to dismiss the appeal.
Motion to dismiss denied.
This is an "appeal" from an order denying motion for stay of execution issued or to be issued. The judgment for costs was not appealed and at the time of the entry of the appeal herein the limitation of time for appealing the final judgment for costs had lapsed and no execution had issued.
The appellant, Dade County, was plaintiff in eminent domain proceedings and the "appeal" is to review the order of the Circuit Court bearing date the 4th day of December, 1948, denying motion to quash a stay of execution as follows: "It Is Hereby Considered, Ordered and Adjudged that said motion to stay and quash execution issued or to be issued upon said judgment for costs be and the same is hereby denied."
Therefore the Chancellor, on November 10, 1948, entered a final judgment or decree on the merits and in favor of the plaintiff condemnor, which final judgment provided: "It Is Further Considered, Ordered and Adjudged that the several defendants in this cause respectively do have and recover of and from the petitioner, in addition to the amounts provided for hereinabove, their costs in this case, in the respective amounts in which the same shall be determined and allowed by this Court *Page 836 
after hearing thereon by a separate order which will be made thereon, which order for costs, when so made, shall be construed to be a part of this judgment."
On the 22nd day of November, 1948, an order on motion to tax costs was entered, the decretal portion of which was as follows:
"* * * It Is Hereby Ordered that the motion of the several defendants to tax costs, as amended, be and the same hereby is granted; that the proposed apportionment of costs as attached to the motion relating to costs filed before me November 19, 1948, is hereby approved, and the costs are allowed to the defendants respectively as therein set forth, to-wit: (23 separate parcels, with cost allocated to each)
"It Is Further Ordered, Considered and Adjudged that the above named defendants respectively shall have judgment against the petitioner Dade County, a political subdivision of the State of Florida, for the amounts of costs hereinabove allowed to them respectively, for which let execution issue; and this judgment for costs shall be considered as a part of the final judgment entered in this cause."
On the 30th day of November, 1948, a motion to stay or quash execution as to costs was filed in words and figures following, to wit:
 Motion to Stay or Quash Execution as to Costs.
"Comes now the petitioner herein, Dade County, by its attorney, and respectfully moves that an order may be entered herein staying and quashing the execution issued or to be issued upon the judgment entered herein on November 22, 1948, taxing costs against the petitioner in the aggregate sum of $8,511.89, * * * and as grounds for said motion the petitioner points out to the Court the following:
 * * * * * *
"7. That the costs as taxed in said judgment for costs entered on November 22, 1948, are not legal costs as contemplated by the statutes of the State of Florida and are wholly unauthorized by law and said judgment taxing costs is null and void and of no legal effect whatsoever."
On the 4th day of December, 1948, order denying motion to stay or quash execution as to costs was entered, in words and figures following, to wit:
 Order Denying Motion to Stay or Quash Execution as to Costs.
"This cause having come on to be heard this day upon the motion of Dade County, the petitioner herein, filed on November 30, 1948, requesting that an order may be entered herein staying and quashing the execution issued, or to be issued, upon the judgment entered herein on November 22, 1948, taxing costs against the petitioner in the aggregate sum of $8,511.89 * *.
"And it appearing to the Court that due notice of the hearing on said motion has been given to all parties in interest; and the Court having heard arguments of counsel and being fully advised in the premises and being of the opinion that said motion should be denied;
"It Is Hereby Considered, Ordered and Adjudged that said motion to stay and quash execution issued or to be issued upon said judgment for costs be and the same is hereby denied.
"Done and Ordered in chambers at Miami, Florida, this 4th day of December, 1948.
"Charles A. Carroll, "Circuit Judge."
On the 4th day of December, 1948, an order was entered, which order among other things provided, in words and figures following, to wit: "* * * time for deposit of such cost portion of the judgment is hereby extended to twenty-five days from the date of the supplemental order which made it a part of the judgment in this case, that is, to twenty-five days from November 22, 1948."
Appellee argues that since no execution has actually been issued the appellant cannot avail himself of Sections 55.37-55.38, F.S. 1941, F.S.A., relating to stay of execution. In this regard we find his position unsound, in that in order for defendant to avail himself of these provisions of the law he may move to stay the issuance of execution. The motion *Page 837 
was not precisely so worded, but we will treat it as such.
The order of which review is sought is not a final judgment and is not appealable. See Section 59.02(1), F.S. 1941, F.S.A. The cause will be treated as on petition for certiorari. See Chapter 23826, Acts 1947, Section 59.45, F.S. 1941, F.S.A. and Section 5 of Article V, Florida Constitution, F.S.A.
The manner of review of orders on motions to stay execution under Sections 55.37-55.38, F.S. 1941, F.S.A., have heretofore been dealt with in the cases of Leesburg State Bank v. Lyle,100 Fla. 1520, 131 So. 374; Lanier v. Shayne, 86 Fla. 385, 98 So. 71; Clinton v. Colclough, 54 Fla. 520, 44 So. 878; South Florida Lumber Supply Co. v. Read, 65 Fla. 61, 61 So. 125; McCulloch v. Dekle, 59 Fla. 330, 52 So. 610.
The appellees' motion to dismiss these proceedings is denied, but it is not to be inferred that in doing so we have held that the merits of the final judgment of November 22, 1948, can be reviewed by these proceedings.
ADAMS, C.J., and TERRELL and CHAPMAN, JJ., concur.