ANDREWS, Acting Chief Judge.
Both the plaintiff, Arthur L. Gann d/b/a A. L. Gann Plumbing, Heating & Air Conditioning, and defendant, Levitt & Sons of Florida, Inc., appeal from a final judgment entered by the trial court in favor of plaintiff.
Plaintiff brought suit against defendant to recover damages for breach of contract. The trial court found that plaintiff breached the contract but allowed damages for work done by plaintiff under the contract. The court awarded plaintiff $14,500 as damages but stayed execution until two claims of lien, one by Silver Springs Plumbing & Heating Supply, Inc. and the other by Beautyware Plumbing Supply Co., Inc., were satisfied of record.
We have considered the issues raised on appeal by both the appellant, Gann, and the cross-appellant, Levitt & Sons, and find no reversible error as to the judgment rendered in favor of plaintiff.
On the question of the stay of execution plaintiff urges that the trial court has erroneously withheld execution of the final judgment.
*201 Florida Statutes Annotated § 55.38 authorizes the court before which an execution is returnable, on a motion and notice to the adverse party for good cause and upon such terms as the court may impose, to direct a stay of the same and the suspension of proceedings thereon. This section has been held to authorize a trial court to stay the issuance of execution before the actual issuance of execution. Dade County v. Brigham, Fla.1949, 40 So.2d 835. The object of F.S.A. § 55.38 is to expressly authorize courts to correct, restrain and control their own proceedings. City of Coral Gables v. Hepkins, 1932, 107 Fla. 778, 144 So. 385. It has also been held that courts have the power to stay execution of judgments whenever it is necessary to accomplish the ends of justice. City of Sarasota v. State ex rel. Evans, 1937, 127 Fla. 126, 172 So. 728.
The final judgment recites that the case of Beautyware Plumbing Supply Company, Inc. v. Arthur L. Gann, d/b/a A. L. Gann Plumbing, Heating and Air Conditioning was settled in the presence of the trial judge, who is the same judge that entered the judgment subject to appeal in this case. Said final judgment further recited that such settlement involved a claim for plumbing supplies sold plaintiff by Beautyware for incorporation by plaintiff in the subdivision of defendant, Levitt & Sons of Florida, Inc., that a claim of lien had previously been filed by Beautyware on the subdivision and one of the considerations of the stipulation between Gann and Beauty-ware is that upon the payment of $9,000 the claim of lien will be satisfied. However, the record does not disclose that the claim of Beautyware became a part of the trial record in this case.
The record of the claim of Silver Springs Plumbing & Heating Supply, Inc. is a part of the record in this case.
 The rule is that a trial court is not authorized to take judicial notice of the records in a different case pending or disposed of in the same court but outside the record of the case before that court. Kostecos v. Johnson, Fla.1956, 85 So.2d 594. Therefore, the trial court committed error in taking judicial notice of the settlement between Beautyware Plumbing Supply Co., Inc. and plaintiff where that proceeding was not a part of the record of the instant case nor incorporated as part of the record.
Accordingly, judgment must be modified by striking the requirement that the lien of Beautyware be satisfied before execution may issue.
Affirmed, in part; reversed, in part.
LILES, WOODIE A., and NANCE, L. CLAYTON, Associate Judges, concur.